**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AMGEN INC.<br><br>Plaintiff,<br><br>v.<br><br>AUROBINDO PHARMA LTD. and<br>AUROBINDO PHARMA USA, INC.,<br><br>Defendants. | ) | C.A. No. 16-853-GMS |

**DEFENDANTS AUROBINDO PHARMA LTD. AND AUROBINDO PHARMA USA, INC.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants Aurobindo Pharma Ltd. ("Aurobindo Ltd") and Aurobindo Pharma USA, Inc. ("Aurobindo USA") (collectively, "Aurobindo"), by and through their counsel, submit this Answer, Affirmative Defenses, and Counterclaims to the Complaint of Plaintiff Amgen Inc. ("Amgen") as follows:

**PARTIES**

1. Aurobindo lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies them.

2. Aurobindo admits that Aurobindo Ltd is an Indian corporation, having a place of business at Plot No. 2, Maitri Vihar, Ameerpet, Hyderabad 500 038, Andhra Pradesh, India. Aurobindo denies the remaining allegations of Paragraph 2.

3. Aurobindo admits that Aurobindo USA is a Delaware corporation, having a place of business at 6 Wheeling Road, Dayton, New Jersey 08810. Aurobindo denies the remaining allegations of Paragraph 3.

4. Aurobindo admits that Aurobindo USA is a wholly owned subsidiary of

Aurobindo Ltd. Aurobindo denies the remaining allegations of Paragraph 4.

5. Denied.

**NATURE OF THE ACTION**

6. Aurobindo admits that Amgen purports to bring this civil action for infringement of U.S. Patent No. 9,375,405 ("the '405 patent"). Aurobindo denies the remaining allegations of Paragraph 6.

7. Aurobindo admits the Complaint purports to bring an action based upon the Patent Laws of the United States, but denies that Plaintiff is entitled to any relief. Aurobindo also admits the Complaint alleges that the action relates to Aurobindo Ltd's filing of an Abbreviated New Drug Application ("ANDA") No. 206125 seeking approval to manufacture, use and/or sell cinacalcet hydrochloride tablets (EQ 30 mg base, EQ 60 mg base, and EQ 90 mg base) prior to the expiration of the '405 patent. Aurobindo also admits that the face of the '405 patent lists Plaintiff as the assignee. Aurobindo further admits that the '405 patent is listed in the publication entitled *Approved Drug Products with Therapeutic Equivalents* ("the Orange Book") as covering SENSIPAR®. Aurobindo denies the remaining allegations of Paragraph 7.

**JURISDICTION AND VENUE**

8. Aurobindo admits that the Complaint purports to bring an action based upon the Patent Laws of the United States. Aurobindo also admits that the Complaint purports to bring an action based upon the Food and Drug Laws of the United States. The remaining allegations of Paragraph 8 contain conclusions of law for which no response is required. To the extent that an answer is required, Aurobindo does not contest that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. Aurobindo denies the remaining allegations of Paragraph 8.

9. Paragraph 9 contains conclusions of law for which no response is required. To the extent that an answer is required, Aurobindo states, for the limited purpose of this action only, that Aurobindo USA does not contest personal jurisdiction. Aurobindo denies the remaining allegations of Paragraph 9.

10. Paragraph 10 contains conclusions of law for which no response is required. To the extent an answer is required, Aurobindo states that, for the limited purpose of this action only, Aurobindo Ltd does not contest personal jurisdiction. Aurobindo further admits that Aurobindo Ltd filed ANDA No. 206125. Aurobindo denies the remaining allegations of Paragraph 10.

11. Paragraph 11 contains conclusions of law for which no response is required. To the extent an answer is required, Aurobindo states that, for the limited purpose of this action only, Aurobindo Ltd does not contest personal jurisdiction. Aurobindo denies the remaining allegations of Paragraph 11.

12. Paragraph 12 contains conclusions of law for which no response is required. To the extent an answer is required, Aurobindo states that, for the limited purpose of this action only, Aurobindo Ltd and Aurobindo USA do not contest personal jurisdiction. Aurobindo denies the remaining allegations of Paragraph 12.

13. Paragraph 13 contains conclusions of law for which no response is required. To the extent that an answer is required, Aurobindo states that, for the limited purpose of this action only, Aurobindo Ltd and Aurobindo USA do not object to venue. Aurobindo denies the remaining allegations of Paragraph 13.

**THE PATENT-IN-SUIT**

14. Aurobindo admits that the ‘405 patent is entitled “Rapid Dissolution Formulation of a Calcium Receptor-Active Compound.” Aurobindo admits that the ‘405 patent indicates on

its face that it was issued by the United States Patent and Trademark Office ("PTO") on June 28, 2016. Aurobindo also admits that what appears to be a copy of the '405 patent is attached to the Complaint as Exhibit A. Aurobindo denies that the '405 patent was duly and legally issued, as well as any suggestion or implication that the '405 patent is valid or enforceable. Aurobindo denies the remaining allegations of Paragraph 14.

15. Aurobindo admits that the face of the '405 patent identifies Amgen as the assignee. Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and on that basis denies them.

16. Aurobindo admits that the Orange Book lists "Amgen Inc." as the purported applicant for New Drug Application No. 21-688. Aurobindo also admits that the Orange Book lists the FDA approval date for New Drug Application No. 21-688 as March 8, 2004. Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 16, and on that basis denies them.

17. Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies them.

18. Aurobindo admits that the Orange Book lists the '405 patent for NDA No. 21-688. Aurobindo denies the remaining allegations of Paragraph 18.

19. Denied.

## BACKGROUND ON SENSIPAR®

20. Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis denies them

21. Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and on that basis denies them.

22. Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and on that basis denies them.

23. Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and on that basis denies them.

24. Aurobindo is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and on that basis denies them.

**ACTS GIVING RISE TO THIS ACTION**

25. Denied.

26. Denied.

27. Aurobindo admits that Aurobindo Ltd sent a notice letter dated August 5, 2016, notifying Plaintiff that Aurobindo Ltd had filed ANDA No. 206125 with the FDA under section 505(j) of the FDCA. Aurobindo denies the remaining allegations of Paragraph 27.

28. Aurobindo admits that, by letter dated August 5, 2016, Aurobindo Ltd notified Plaintiff that Aurobindo Ltd had filed ANDA No. 206125 with the FDA under section 505(j) of the FDCA containing a Paragraph IV certification that the claims of the '405 patent are invalid or will not be infringed by the commercial manufacture, use, sale, offer for sale and/or importation of Aurobindo Ltd's products. Aurobindo further admits that the letter contained an attachment to Aurobindo Ltd's "Detailed Statement" of the factual and legal basis for Aurobindo Ltd's Paragraph IV certification. Aurobindo denies the remaining allegations of Paragraph 28.

29. Aurobindo admits that Aurobindo Ltd was aware of the '405 patent when Aurobindo Ltd notified Amgen of Aurobindo Ltd's Paragraph IV certification for the '405 patent. Aurobindo denies the remaining allegations of Paragraph 29.

30. Admitted.

**FIRST CLAIM FOR RELIEF**

31. Aurobindo repeats and incorporates by reference each of its answers to the foregoing Paragraphs 1-30 as if fully set forth herein.

32. Admitted.

33. Aurobindo admits that Aurobindo Ltd's ANDA No. 206125 seeks FDA approval to engage in the commercial manufacture, use, sale and/or importation of cinacalcet hydrochloride tablets, EQ 30 mg base, EQ 60 mg base, and EQ 90 mg base, before the expiration of the '405 patent. Aurobindo denies the remaining allegations of Paragraph 33.

34. Aurobindo admits that Aurobindo Ltd sent a notice letter dated August 5, 2016, notifying Amgen that Aurobindo Ltd had filed ANDA No. 206125 with the FDA under §§ 505(j)(2)(B)(i) and (ii) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(B)(i) and (ii), and 21 C.F.R. § 314.95(a)-(c). Aurobindo denies the remaining allegations of Paragraph 34.

35. Aurobindo admits that the Aurobindo Ltd letter states that the active ingredient in Aurobindo Ltd's ANDA products is cinacalcet hydrochloride. Aurobindo denies the remaining allegations of Paragraph 35.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

**SECOND CLAIM FOR RELIEF**

40. Aurobindo repeats and incorporates by reference each of its answers to the foregoing Paragraphs 1-39 as if fully set forth herein.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Aurobindo admits that an actual controversy exists relating to the '405 patent. Aurobindo denies the remaining allegations of Paragraph 45.

**PRAYER FOR RELIEF**

Aurobindo denies that Amgen is entitled to any of the relief requested in its Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Further responding to the Complaint, and as additional defenses thereto, Aurobindo asserts the following affirmative defenses, without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise admitted.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-infringement of the '405 patent)**

The manufacture, use, or sale of the drug products that are the subject of ANDA No. 206125 has not infringed, is not infringing, and will not infringe, directly or indirectly, any valid and enforceable claim of the '405 patent, either literally or under the doctrine of equivalents.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity of the '405 patent)**

The claims of the '405 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation §§ 102, 103, and/or 112.

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**RESERVATION OF ADDITIONAL DEFENSES**

Aurobindo reserves the right to assert additional defenses that may be developed through discovery, or otherwise, in this action.

## COUNTERCLAIMS

Defendants/Counterclaimants Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc. (collectively "Aurobindo") brings the following Counterclaims against Plaintiff/Counterclaim Defendant Amgen Inc. ("Amgen").

## THE PARTIES

1. Defendant/Counterclaimant Aurobindo Pharma Ltd. is a company organized and existing under the laws of India with its principal place of business at Plot #2, Maitri Vihar, Ameerpet, Hyderabad -500 038, Andhra Pradesh, India.

2. Defendant/Counterclaimant Aurobindo Pharma USA, Inc. is a corporation incorporated under the laws of Delaware with its principal place of business at 2400 Route 130 North, Dayton, NJ 08810.

3. On information and belief, Plaintiff/Counterclaim Defendant Amgen Inc. is a corporation organized and existing under the laws of Delaware and having a place of business at One Amgen Center Drive, Thousand Oaks, California 91320-1799.

## THE PATENTS-IN-SUIT

4. The patent-in-suit is United States Patent No. 9,375,405 ("the '405 patent"). Aurobindo Pharma Ltd. submitted, a Paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to the '405 patent, in conjunction with ANDA No. 206125.

**JURISDICTION ANDA VENUE**

5. Aurobindo brings this action for a declaratory judgment of patent noninfringement and invalidity against Amgen. Aurobindo asserts that this action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States of America, 35 U.S.C. §§ 101, *et seq.* Aurobindo asserts that subject matter jurisdiction over the counterclaims is proper pursuant to 28 U.S.C. §§ 1331, 1338 (a), 2201 and 2202.

6. Amgen received a notice letter dated August 5, 2016 pursuant to 21 U.S.C. §355(j)(2)(B) from Aurobindo Pharma Ltd. ("Notice Letter") indicating that ANDA No. 206125 was filed and that the ANDA included a Paragraph IV certification for the '405 patent. The Notice Letter included an Offer of Confidential Access to the ANDA pursuant to 21 U.S.C. §355(j)(5)(C)(i)(III).

7. Amgen has filed a complaint against Aurobindo for infringement of the '405 patent.

8. A justiciable controversy exists over the '405 patent because Amgen has asserted infringement of the '405 patent in this Court.

9. Amgen is subject to personal jurisdiction in this Judicial District. Moreover, Amgen has purposefully availed themselves of the privileges of this District through the filing of a complaint in this district alleging infringement of the '405 patent. Venue is proper in this District under 28 U.S.C. §§1391 (c) or (d).

10. A definite and concrete, real and substantial justiciable controversy exists between Aurobindo and Amgen concerning the infringement and validity of the '405 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**FIRST COUNTERCLAIM**
**Declaratory Judgment of Noninfringement of U.S. Patent No. 9,375,405**

11. The manufacture, use, sale, offer to sell or importation of the drug products described in ANDA No. 206125 has not infringed, and would not and will not directly, indirectly, contributorily and/or by inducement, infringe any valid claim of the '405 patent either literally or under the doctrine of equivalents.

12. Aurobindo is entitled to a declaratory judgment that it does not infringe the '405 patent.

**SECOND COUNTERCLAIM**
**Declaratory Judgment of Invalidity of U.S. Patent No. 9,375,405**

13. The '405 patent is invalid for failure to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

14. On November 9, 2010, Application Serial No. 12/942,646 ("the '646 application") was filed as a continuation of U.S. Application No. 10/937,870 ("the '870 application"), filed on September 10, 2004, now U.S. Patent No. 7,829,595 ("the '595 patent"), and claiming priority to U.S. Provisional Application No. 60/502,219 ("the '219 application"), filed on September 12, 2003.

15. The '646 application mentions dihydroxy propylcellulose in the specification and does not mention hydroxypropyl cellulose in the specification or original claims.

16. During prosecution of the '646 application, claim 1 was cancelled, and in March, 2015, the Examiner had a telephonic interview with patentee's representative, Ms. Russo, during which Ms. Russo authorized an Examiner's Amendment amending claims 2-5, 7, 9, 10, 13, 19, 20, 23 and 24, cancelling claims 6, 8, 21 and 22, and adding new claims 26-28.

17. In the Examiner's Amendment, dated March 25, 2015, the Examiner added hydroxypropyl cellulose in independent claims 2 and 24 of the '646 application; dependent claim 6, which contained the term "dihydroxy propylcellulose" was canceled. A Notice of Allowance issued together with the Examiner's Amendment.

18. During further prosecution of the '646 application, applicants submitted a Preliminary Amendment, dated December 1, 2015, which among other matters, amended independent claims 2 and 24 to include the limitation:

> (c) from about 1 % to about 5% by weight of at least one binder selected from the group consisting of povidone, hydroxypropyl methylcellulose, hydroxypropyl cellulose, sodium carboxymethylcellulose, and mixtures thereof.

19. The '405 patent issued on June 28, 2016 with 23 claims.

20. Claims 1, 20 and 21, the only independent claims of the '405 patent, are directed to a pharmaceutical composition.

21. Claims 1 and 20 include the limitation:

> (c) from about 1 % to about 5% by weight of at least one binder selected from the group consisting of povidone, hydroxypropyl methylcellulose, hydroxypropyl cellulose, sodium carboxymethylcellulose, and mixtures thereof.

22. Claims 2 through 19 are dependent on claim 1.

23. The recitation of hydroxypropyl cellulose m the claims of the '405 patent constitutes new matter in violation of 35 U.S.C. §132.

24. There is no support in the '646 application as filed, the '595 patent, or the '219 application for the claim limitation "hydroxypropyl cellulose" and, therefore, claims 1 through 20 violate the written description requirement and/or the enablement requirement which renders at least claims 1 through 20 of the '405 patent invalid under pre-AIA 35 U.S.C. §112, first paragraph.

25. If the date that hydroxypropyl cellulose was first added to the '646 application is asserted as applicants' earliest effective filing date for claims 1-20, then the U.S. Patent Application Publication No. US 2005/0147669 A1, published on July 7, 2005, anticipates claims 1-20 of the '405 patent rendering them invalid under 35 U.S.C. §102(b).

26. If the date that hydroxypropyl cellulose was added to the '646 application is asserted as applicants' earliest effective filing date for claims 1-20, then claims 1-20 of the '405 patent are invalid under 35 U.S.C. § 102(b), for the additional reason that the invention of the '405 patent was being offered for sale and sold in the United States for more than one year prior to said date, and claims 1-20 of the '405 patent are also invalid under 35 U.S.C. §103, because the 2008 PHYSICIANS' DESK REFERENCE, 62nd ed. (2007), at pp. 583-585 (Sensipar® entry) renders them obvious in view of the prior art identified in paragraph 27 below and/or the common knowledge of a person of ordinary skill in the art.

27. Alternatively or in addition, by way of example and not limitation, the claims of the '405 patent are invalid under 35 U.S.C. §§ 102 and/or 103, at least in view of the following references alone or in combination with each other or other prior art:

- U.S. Patent No. 6,211,244 to Van Wagenen et al.
- HANDBOOK OF PHARMACEUTICAL EXCIPIENTS (Arthur H. Kibbe, ed., 3rd ed. 2000)
- William G. Goodman et al., *The Calcimimetic Agent AMG 073 Lowers Plasma Parathyroid Hormone Levels in Hemodialysis Patients with Secondary Hyperparathyroidism*, 13 J. AM. SOC'Y NEPHROLOGY 1017 (2002)
- REMINGTON: THE SCIENCE AND PRACTICE OF PHARMACY (Alfonso R. Gennaro, ed., 20th ed. 2000)
- HANDBOOK OF PHARMACEUTICAL EXCIPIENTS (Ainley Wade & Paul J. Weller, eds., 2nd ed. 1994)
- U.S. Patent No. 6,245,352 to Arbuthnot et al.
- International PCT Application Publication No. WO 02/11699 A1

- U.S. Patent Application Publication No. 2002/0022649 A1 to Rasmussen et al.
- European Patent Application Publication No. 1327440 to Fujihara
- Goodman et al., *Future role calcimimetics in end-stage renal disease, Advances in Renal Placement Therapy*, 9(3):200-8 (July 2002)
- Frazão et al., *The calcimimetic agents: Perspectives for treatment*, Kidney International, Vol. 61, Supplement 80, pp. S149-S154 (2002)
- Cases, *Recent Advances in Nephrology: Highlights from the 35th Annual Meeting of the American Society of Nephrology*, Drugs of Today, 38(12):797-805 (2002)
- Sorbera et al., *Cinacalcet Hydrochloride*, Drugs of the Future, 27(9):831-836 (2002)
- Narayan, *Overview of Drug Product Development*, Unit 7.3, Current Protocols in Pharmacology, 7.3.1-7.3.29 (December 2001)

Aurobindo reserves the right to provide additional bases for invalidity in its contentions, responses to discovery requests and/or pleadings filed later in this action.

28. Aurobindo is entitled to a declaratory judgment that the '405 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counterclaimants Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc. respectfully request that the Court enter a Judgment and Order in its favor and against Plaintiffs/Counterclaim Defendant Amgen Inc. as follows:

a. Dismissing Amgen's Complaint against Aurobindo in its entirety, with prejudice, and that Amgen shall take nothing by the Complaint, and that judgment be entered in favor of Aurobindo;

b. Declaring that the manufacture, use, sale, offer to sell or importation of the drug products described in ANDA No. 206125 has not infringed, and would not and will not directly, indirectly, contributorily and/or by inducement, infringe any valid claim of the '405 patent either literally or under the doctrine of equivalents;

c. Declaring that the '405 patent is invalid;

d. Declaring this case exceptional under 35 U.S.C. § 285;

e. Awarding Aurobindo its costs and attorneys' fees; and

f. Awarding such other and further relief as this Court may deem just and proper.

Dated: December 23, 2016

*/s/ Mary B. Matterer*
Mary B. Matterer (#2696)
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue
Suite 1500
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com
rherrmann@morrisjames.com

*Attorneys for Defendants Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.*

OF COUNSEL:

LEYDIG, VOIT & MAYER, LTD.
Steven H. Sklar
Gregory C. Bays
Two Prudential Plaza
180 N. Stetson Ave., Suite 4900
Chicago, Illinois 60601
(312) 616-5600
ssklar@leydig.com
gbays@leydig.com