**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMGEN INC.,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC., CADILA HEALTHCARE LTD. (d/b/a) ZYDUS CADILA, et al.,<br><br>Defendants/Counterclaimants. | Civil Action No. 16-853-GMS<br><br>CONSOLIDATED |

**ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Cadila Healthcare Limited ("Cadila"), (together, "Defendants"), by and through their undersigned counsel, as and for their Answer, Affirmative Defenses and Counterclaims to the Complaint of Plaintiff Amgen Inc. ("Amgen" or "Plaintiff") state as follows:

Defendants deny each and every allegation contained in the Complaint, except as specifically admitted or explained herein. To the extent that the headings or any other non-numbered statements in the Complaint contain any allegations, Defendants deny each and every such allegation.

**THE PARTIES**

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, deny all such allegations.

2. Defendants admit that Zydus USA is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business at 73 Route 31 North, Pennington, New Jersey, 08534.

3. Defendants admit that Cadila is an Indian company, having its principal place of business at Zydus Tower, Satellite Cross Roads, Ahmedabad-380015, Gujarat, India.

4. Defendants admit that the parent corporation of Zydus Pharmaceuticals (USA) Inc. is Zydus International Pvt. Ltd. Ireland, which is owned by Cadila Healthcare Limited. Defendants deny the remaining allegations of Paragraph 4.

5. Denied.

## NATURE OF THE ACTION

6. The allegations in Paragraph 6 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that Plaintiff's Complaint purports to be a civil action alleging infringement of U.S. Patent No. 9,375,405 ("the '405 patent"). Defendants deny the remaining allegations of Paragraph 6.

7. The allegations in Paragraph 7 state legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the Complaint purports to bring an action based upon the Patent Laws of the United States, but deny that Plaintiff is entitled to any relief. Defendants admit that Zydus USA submitted an Abbreviated New Drug Application ("ANDA") No. 208971 seeking approval to manufacture, use and/or sell cinacalcet hydrochloride tablets (EQ 30 mg base, EQ 60 mg base, and EQ 90 mg base) prior to the expiration of the '405 patent. Defendants also admit that the face of the '405 patent lists Amgen as the assignee. Defendants further admit that the '405 patent is listed in the publication entitled *Approved Drug Products with Therapeutic Equivalents* ("the Orange Book") as covering the product marketed as SENSIPAR®. Defendants deny that they have infringed any valid claim of the '405 patent. Defendants deny all other allegations of Paragraph 7.

## JURISDICTION AND VENUE

8. Defendants admit that the Complaint purports to bring an action based upon the Patent Laws of the United States. Defendants also admit that the Complaint purports to bring an action based upon the Food and Drug Laws of the United States. The remaining allegations of Paragraph 8 contain conclusions of law for which no response is required. To the extent that an answer is required, Defendants do not contest that this Court has subject matter jurisdiction solely for purposes of Plaintiff's claims against Defendants in this case and solely as they apply to the proposed product described in ANDA No. 208971. Defendants deny all other allegations of Paragraph 8.

9. The allegations in Paragraph 9 contain conclusions of law for which no response is required. To the extent an answer is required, Defendants do not contest personal jurisdiction in this Court solely for Plaintiff's claims against Defendants in this case and solely as they apply to the proposed product described in ANDA No. 208971. Defendants admit that Zydus USA filed ANDA No. 208971. Defendants deny all other allegations of Paragraph 9.

10. The allegations in Paragraph 10 contains conclusions of law for which no response is required. To the extent an answer is required, Defendants do not contest personal jurisdiction in this Court solely for Plaintiff's claims against Defendants in this case and solely as they apply to the proposed product described in ANDA No. 208971. Defendants deny all other allegations of Paragraph 10.

11. The allegations of Paragraph 11 contain conclusions of law for which no response is required. To the extent an answer is required, Defendants do not contest personal jurisdiction in this Court solely for Plaintiff's claims against Defendants in this case and solely as they apply

to the proposed product described in ANDA No. 208971. Defendants deny all other allegations of Paragraph 11.

12. The allegations in Paragraph 12 contain conclusions of law for which no response is required. To the extent that an answer is required, Defendants do not contest venue in this Court solely for Plaintiff's claims against Defendants in this case and solely as they apply to the proposed product described in ANDA No. 208971. Defendants deny all other allegations of Paragraph 12.

**THE PATENT-IN-SUIT**

13. Defendants admit that U.S. Patent No. 9,375,405 is entitled "Rapid Dissolution Formulation of a Calcium Receptor-Active Compound." Defendants admit that the '405 patent, on its face, indicates an issue date of June 28, 2016. Defendants deny that the '405 patent was duly and legally issued. Defendants admit that what appears to be a copy of the '405 patent is attached to the Complaint as Exhibit A. Defendants deny all other allegations of Paragraph 13.

14. Defendants admit that, on its face, the '405 patent lists Amgen Inc. as assignee. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14, and therefore deny them.

15. Defendants admit that the Orange Book lists "Amgen Inc." as the purported applicant for New Drug Application No. 21-688. Defendants also admit that the Orange Book lists the FDA approval date for New Drug Application No. 21-688 as March 8, 2004. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15, and therefore deny them.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and therefore deny them.

17. Defendants admit that the Orange Book lists the '405 patent for NDA No. 21-688. Defendants deny all other allegations of Paragraph 17.

18. Denied.

## BACKGROUND ON SENSIPAR®

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore deny them.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore deny them.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore deny them.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore deny them.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore deny them.

## ACTS GIVING RISE TO THIS ACTION

24. Denied.

25. Defendants admit that Cadila develops and manufactures pharmaceutical products, including generic pharmaceutical products. Defendants further admit that Zydus USA files ANDAs seeking FDA approval to market pharmaceutical products, including products developed and manufactured by Cadila. Defendants admit that Zydus USA submitted to FDA ANDA No. 208971 under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use or sale of cinacalcet hydrochloride tablets EQ 30 mg, EQ 60 mg, and EQ 90 mg, manufactured by Cadila. Defendants deny all other allegations of Paragraph 25.

26. Defendants admit that Zydus USA sent a notice letter dated February 3, 2017, notifying Plaintiff that Zydus USA had filed ANDA No. 208971 with the FDA under section 505(j) of the FDCA. Defendants deny all other allegations of Paragraph 26.

27. Defendants admit that, by letter dated February 3, 2017, Zydus USA notified Plaintiff that Zydus USA had filed ANDA No. 208971 with the FDA under section 505(j) of the FDCA containing a Paragraph IV certification that the claims of the ‘405 patent are invalid or will not be infringed by the commercial manufacture, use, sale, offer for sale and/or importation of Zydus USA’s products. Defendants further admit that attached to the February 3, 2017 letter was a “Detailed Statement” of the factual and legal basis for Zydus USA’s Paragraph IV certification. Defendants deny all other allegations of Paragraph 27.

28. Admitted.

29. Admitted.

## FIRST CLAIM FOR RELIEF

30. Defendants repeat and incorporate by reference each of their answers to the foregoing Paragraphs 1-29, as if fully set forth herein.

31. Admitted.

32. Defendants admit that Zydus USA’s ANDA No. 208971 seeks FDA approval to engage in the commercial manufacture, use, sale and/or importation of cinacalcet hydrochloride tablets, EQ 30 mg base, EQ 60 mg base, and EQ 90 mg base, before the expiration of the ‘405 patent. Defendants deny all other allegations of Paragraph 32.

33. Defendants admit that Zydus USA sent a notice letter dated February 3, 2017, notifying Amgen that Zydus USA had filed ANDA No. 208971 with the FDA under §§

505(j)(2)(B)(i) and (ii) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j)(2)(B)(i) and (ii), and 21 C.F.R. § 314.95(a)-(c). Defendants deny all other allegations of Paragraph 33.

34. Defendants admit that the February 3, 2017 letter states that the active ingredient in Zydus USA's proposed ANDA products is cinacalcet hydrochloride. Defendants deny all other allegations of Paragraph 34.

35. Admitted.

36. Denied.

37. Denied.

38. Denied.

**SECOND CLAIM FOR RELIEF**

39. Defendants repeat and incorporate by reference each of their answers to the foregoing Paragraphs 1-38, as if fully set forth herein.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendants admit that an actual controversy exists relating to the '405 patent. Defendants deny all other allegations of Paragraph 44.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief requested in its Prayer for Relief against Defendants, or to any relief whatsoever, and pray for judgment in favor of Defendants dismissing this action with prejudice, and awarding Defendants their reasonable

attorneys' fees pursuant to 35 U.S.C. § 285, interest, and costs of this action, and such other or further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

Defendants, without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint not otherwise admitted, allege the following defenses to Plaintiff's Complaint. Defendants reserve their right to amend and to seek leave to assert additional defenses based on the Court's claim construction and based on further information obtained over the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (Non-infringement of the '405 patent)

Plaintiffs will not and cannot meet the burden of proof required to show that the manufacture, use, or sale of the proposed drug products that are the subject of ANDA No. 208971 will infringe, directly or indirectly, contributorily and/or by inducement, any valid and enforceable claim of the '405 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the '405 patent)

Each claim of the '405 patent is invalid for failure to meet the requirements of patentability set forth in 35 U.S.C. §§ 1 et seq., including without limitation §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of prosecution history estoppel. Under the doctrine of prosecution history estoppel, Plaintiff cannot use the doctrine of equivalents to reclaim claim scope surrendered during prosecution.

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**
**(Not an Exceptional Case)**

Plaintiff is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. §285, or pursuant to the Court's inherent power.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

Plaintiff is not entitled to injunctive relief because Plaintiff cannot prove: (1) that it has suffered irreparable injury; (2) that there is no adequate remedy at law; (3) that a remedy in equity is warranted; and (4) that the public interest warrants an injunction.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendants hereby reserve any and all defenses that are available under the Federal Rules of Civil Procedure and the U.S. Patent Laws and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and further factual investigation during this litigation.

**COUNTERCLAIMS**

Defendants/Counterclaimants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited (together, "Counterclaimants"), by and through their undersigned counsel, allege the following Counterclaims against Plaintiff/Counterclaim Defendant Amgen Inc. ("Amgen" or "Counterclaim Defendant").

**THE PARTIES**

1. Defendant/Counterclaimant Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 73 Route 31 North, Pennington, New Jersey, 08534.

2. Defendant/Counterclaimant Cadila Healthcare Limited ("Cadila") is an Indian company, having a principal place of business at Zydus Tower, Satellite Cross Roads, Ahmedabad-380015, Gujarat, India.

3. On information and belief, Plaintiff/Counterclaim Defendant Amgen Inc. is a corporation organized and existing under the laws of Delaware and having a place of business at One Amgen Center Drive, Thousand Oaks, California 91320-1799.

**THE PATENT-IN-SUIT**

4. The patent-in-suit is United States Patent No. 9,375,405 ("the '405 patent"). Zydus USA submitted a Paragraph IV certification pursuant to 21 U.S.C. § 355(j) with respect to the '405 patent, in conjunction with ANDA No. 208971.

**JURISDICTION ANDA VENUE**

5. Counterclaimants bring this action for a declaratory judgment of patent noninfringement and invalidity against Amgen. Counterclaimants assert that this action arises under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Laws of the United States of America, 35 U.S.C. §§ 101, et seq. Counterclaimants assert that subject matter jurisdiction over the counterclaims is proper pursuant to 28 U.S.C. §§ 1331, 1338 (a), 2201 and 2202.

6. Amgen received a notice letter dated February 3, 2017 pursuant to 21 U.S.C. §355(j)(2)(B) from Zydus USA ("Notice Letter") indicating that ANDA No. 208971 was filed and that the ANDA included a Paragraph IV certification for the '405 patent. The Notice Letter

included an Offer of Confidential Access to ANDA No. 208971 pursuant to 21 U.S.C. §355(j)(5)(C)(i)(III).

7. Amgen has filed a complaint against Counterclaimants for infringement of the '405 patent.

8. A justiciable controversy exists over the '405 patent because Amgen has asserted infringement of the '405 patent in this Court.

9. Amgen is subject to personal jurisdiction in this Judicial District. Moreover, Amgen has purposefully availed itself of the privileges of this District through the filing of a complaint in this district alleging infringement of the '405 patent. Venue is proper in this District under 28 U.S.C. §§1391 (c) or (d).

10. A definite and concrete, real and substantial justiciable controversy exists between Counterclaimants and Amgen concerning the infringement and validity of the '405 patent, which is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

**THE CONTROVERSY**

11. This is an action for declaratory relief seeking a declaration of non-infringement and invalidity of United States Patent No. 9,375,405.

12. On its face, the '405 patent is entitled "RAPID DISSOLUTION FORMULATION OF A CALCIUM RECEPTOR-ACTIVE COMPOUND," purports to have issued on June 28, 2016, and issued from U.S. Application No. 12/942,646 filed November 9, 2010.

13. Under 21 U.S.C. § 355(b)(1)(G), an NDA holder must provide to the FDA the patent number and expiration date of any patent(s) that it believes "claims the drug for which the applicant submitted the application or which claims a method of using such drug." The FDA publishes these patent(s) in an electronic, publicly available database called APPROVED DRUG PRODUCTS WITH THERAPEUTIC EQUIVALENCE EVALUATIONS, also known as the "Orange Book."

14. The ‘405 patent is listed in the Orange Book.

15. Counterclaimant, Zydus USA filed ANDA No. 208971 with the FDA to obtain approval to market cinacalcet hydrochloride tablets 30 mg, 60 mg, and 90 mg (collectively, “Proposed ANDA Products”).

16. ANDA No. 208971 contains a Paragraph IV certification under 21 C.F.R. § 314.94(a)(12)(i)(A)(4) and 21 U.S.C. § 355(j)(2)(A)(vii)(IV) requesting FDA approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of the Proposed ANDA Products prior to the expiration of the ’405 patent.

17. On or about February 3, 2017, pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(I) and 21 C.F.R. § 314.95(c)(1), Zydus USA provided written notice (“Notice Letter”) to Counterclaim Defendant of its ANDA No. 208971 containing a Paragraph IV certification.

18. On information and belief, Counterclaim Defendant Amgen received the Notice Letter on or about February 6, 2017.

19. On or about February 3, 2017, Zydus USA provided Amgen with a detailed statement of the factual and legal bases for Zydus USA’s opinion of non-infringement and invalidity of the ‘405 patent (“Detailed Statement”).

20. Zydus USA also provided Amgen an offer of confidential access pursuant to 21 U.S.C. § 355(j)(5)(C).

21. Zydus USA’s Detailed Statement states that the commercial marketing of the Proposed ANDA Products, will not infringe any valid claim of the ‘405 patent, either literally or under doctrine of equivalents.

22. The Detailed Statement further states that certain claims of the ‘405 patent are invalid under 35 U.S.C. § 112 and 35 U.S.C. §103 for obviousness.

23. By way of the Detailed Statement, Counterclaim Defendant Amgen has received notice of Zydus USA's preliminary non-infringement and invalidity positions.

24. Counterclaimants, Zydus USA and Cadila, reserve the right to assert additional non-infringement and invalidity positions as this case progresses based on the Court's claim construction and as additional information is discovered.

25. On February 21, 2017, Amgen filed its Complaint in this Court against Zydus and Cadila alleging the act of submitting ANDA No. 208971 infringes the '405 patent and that Counterclaim Plaintiffs' intended commercial manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 208971 will infringe the '405 patent.

26. Amgen's present suit against Counterclaimants impairs Zydus USA's ability to obtain final approval of ANDA No. 208971 and market the Proposed ANDA Products.

27. Each of Counterclaimants, Zydus USA and Cadila, denies that it has infringed, is infringing, would infringe or will infringe any valid claim of the '405 patent.

28. Based on Amgen's filing of its Complaint against Counterclaimants asserting infringement of the '405 patent, and Counterclaimants' denial thereof, an actual controversy now exists between Counterclaimants and Counterclaim Defendant as to whether Counterclaimants infringe any valid claim of the '405 patent.

29. Unless enjoined, Counterclaim Defendant will continue to assert that Counterclaimants infringe the '405 patent and will continue to impair Zydus USA's ability to obtain final approval from the FDA to market the Proposed ANDA Products, causing irreparable harm to Counterclaimants' businesses.

**COUNTERCLAIM COUNT I**
**(Non-infringement of the '405 patent)**

30. Counterclaimants repeat and incorporate by reference each of Paragraphs 1-29 of their Counterclaims, as if fully set forth herein.

31. As evidenced by Counterclaim Defendant's Complaint and Counterclaimants' Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Counterclaimants and Counterclaim Defendant regarding the infringement of the '405 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

32. The commercial manufacture, use, offer for sale, sale, or importation of the Proposed ANDA Products has not infringed, is not infringing, would not infringe, and will not infringe, either directly or indirectly, contributorily and/or by inducement, any claim of the '405 patent, either literally or under the doctrine of equivalents.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., each of Counterclaimants, Zydus USA and Cadila, requests a declaration from the Court that it does not infringe any claim of the '405 patent.

**COUNTERCLAIM COUNT II**
**(Invalidity of the '405 Patent)**

34. Counterclaimants repeat and incorporate by reference each of Paragraphs 1-33 of their Counterclaims, as if fully set forth herein.

35. Each claim of the '405 patent is invalid for failing to comply with one or more of the conditions and requirements for patentability under Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

36. At least for the reasons stated in Zydus USA's February 3, 2017 Notice Letter and Detailed Statement, which are hereby incorporated by reference in their entirety, each of the claims of the '405 patent is invalid.

37. As evidenced by Counterclaim Defendant's Complaint and Counterclaimants' Answer in this action, there is an actual, substantial, and continuing justiciable case or controversy between Counterclaimants and Counterclaim Defendant regarding the validity of the claims of the '405 patent under 21 U.S.C. § 355(j)(5)(C)(ii).

38. Each of the claims of the '405 patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103, and 112.

39. For example, claims of the '405 patent are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of one or more of the following references, alone or in combination:

- Lamictal® Prescribing Information (August 1998)
- U.S. Patent No. 5,861,179 to Hiskett et al.
- U.S. Patent No. 6,211,244 to Van Wagenen et al.
- HANDBOOK OF PHARMACEUTICAL EXCIPIENTS (Arthur H. Kibbe, ed., 3rd ed. 2000)
- William G. Goodman et al., *The Calcimimetic Agent AMG 073 Lowers Plasma Parathyroid Hormone Levels in Hemodialysis Patients with Secondary Hyperparathyroidism*, 13 J. AM. SOC'Y NEPHROLOGY 1017 (2002)
- REMINGTON: THE SCIENCE AND PRACTICE OF PHARMACY (Alfonso R. Gennaro, ed., 20th ed. 2000)
- HANDBOOK OF PHARMACEUTICAL EXCIPIENTS (Ainley Wade & Paul J. Weller, eds., 2nd ed. 1994)
- U.S. Patent No. 6,245,352 to Arbuthnot et al.
- International PCT Application Publication No. WO 02/11699 A1
- U.S. Patent Application Publication No. 2002/0022649 A1 to Rasmussen et al.
- European Patent Application Publication No. 1327440 to Fujihara
- Goodman et al., *Future role calcimimetics in end-stage renal disease, Advances in Renal Placement Therapy*, 9(3):200-8 (July 2002)
- Frazão et al., *The calcimimetic agents: Perspectives for treatment*, Kidney International, Vol. 61, Supplement 80, pp. S149-S154 (2002)

- Cases, *Recent Advances in Nephrology: Highlights from the 35th Annual Meeting of the American Society of Nephrology*, Drugs of Today, 38(12):797-805 (2002)
- Sorbera et al., *Cinacalcet Hydrochloride*, Drugs of the Future, 27(9):831-836 (2002)
- Narayan, *Overview of Drug Product Development*, Unit 7.3, Current Protocols in Pharmacology, 7.3.1-7.3.29 (December 2001)

40. Additionally, claims of the '405 patent are invalid under 35 U.S.C. § 112 for lack of written description because, *inter alia*, they claim "at least one binder selected from the group consisting of . . . hydroxypropyl cellulose," but the specification does not provide a written description of the use of hydroxypropyl cellulose as a binder.

41. Counterclaimants reserve the right to provide and assert additional bases for invalidity in its contentions, responses to discovery requests, expert reports, and/or pleadings filed and/or served later in this action.

42. Counterclaimants are entitled to a judicial determination that the claims of the '405 patent are invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35 of the U.S. Code, including §§ 102, 103 and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited respectfully request that this Court enter a judgment in their favor and against Counterclaim Defendant Amgen Inc. as follows:

A. Dismissing Counterclaim Defendant's Complaint with prejudice and denying each and every prayer for relief contained therein;

B. Declaring the manufacture, use, sale, offer for sale, marketing, or importation of cinacalcet hydrochloride tablets (30 mg, 60 mg and 90 mg) described in ANDA No. 208971 does not and will not infringe any valid claim of the '405 patent;

C. Declaring that the claims of the '405 patent are invalid for failure to comply with one or more of the provisions of 35 U.S.C. §§ 100 *et seq.*, including §§ 102, 103 and/or 112;

D. Enjoining Counterclaim Defendant, its officers, employees, agents, representatives, attorneys, and others acting on its behalf, from threatening or initiating infringement litigation against Counterclaimants or their customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors, or customers of Counterclaimants, or charging them either orally or in writing with infringement of the '405 patent;

E. Declaring that this is an exceptional case, and that Counterclaimants be awarded their attorneys' fees and costs pursuant to §285; and

F. Awarding to Counterclaimants such further relief as this Court may deem necessary, just, and proper.

DATED: April 28, 2017

PRICKETT, JONES & ELLIOTT, P.A.

By: */s/ J. Clayton Athey*

J. Clayton Athey (Del. Bar ID 4378)
1310 King Street
Wilmington, Delaware 19801
Telephone: (302) 888-6500
jcathey@prickett.com

*Attorneys for Defendants/ Counterclaimants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited*

OF COUNSEL:

William D. Hare
MCNEELY, HARE & WAR LLP
12 Roszel Road
Suite C104
Princeton, NJ 08540
Telephone: (202) 640-1801
bill@miplaw.com

Renita S. Rathinam
MCNEELY, HARE & WAR LLP
5335 Wisconsin Ave, NW
Suite 440
Washington, DC 20015
Telephone: (202) 640-1801
rathinam@miplaw.com