IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-853 (GMS) |
| | ) | CONSOLIDATED |
| AUROBINDO PHARMA LTD., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWER TO DEFENDANT ZYDUS' COUNTERCLAIMS**

Plaintiff/Counterclaim-Defendant Amgen Inc. ("Amgen") hereby responds to the numbered paragraphs of the April 28, 2017 Counterclaims of Defendants/Counterclaim-Plaintiffs Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Limited, (collectively, "Zydus") as follows:

**GENERAL DENIAL**

Any allegation in Zydus' Counterclaims not expressly admitted by Amgen is hereby denied. Having answered Zydus' Counterclaims, Amgen denies that Zydus is entitled to the relief requested in the Prayer for Relief in Zydus' Counterclaims, or to any relief whatsoever.

**THE PARTIES**

1. Upon information and belief, Amgen admits the allegations in paragraph 1.

2. Upon information and belief, Amgen admits the allegations in paragraph 2.

3. Amgen admits the allegations in paragraph 3.

**THE PATENT-IN-SUIT**

4. Amgen admits to filing a civil action on February 21, 2017 in this judicial district against Zydus alleging infringement of U.S. Patent No. 9,375,405 (the "'405 patent"). Upon information and belief, Amgen admits the remaining allegations in paragraph 4.

**JURISDICTION AND VENUE**

5. Paragraph 5 contains legal conclusions to which no answer is required. To the extent that an answer is required, Amgen admits that this Court has subject matter jurisdiction with respect to this action. Amgen denies all remaining allegations in paragraph 5.

6. Amgen admits that it received a notice letter from Zydus Pharmaceuticals (USA) Inc. ("Notice Letter"), dated February 3, 2017, stating that Zydus had filed an ANDA for Zydus' ANDA Products, that the ANDA had been given No. 208971, and that the ANDA contained a Paragraph IV certification regarding the '405 patent. Amgen admits that Zydus Pharmaceutical (USA) Inc.'s Notice Letter contained an offer of confidential access to certain information from its ANDA No. 208971 to attorneys from one outside law firm representing Amgen. Amgen denies all remaining allegations in paragraph 6.

7. Amgen admits the allegations in paragraph 7.

8. Amgen admits to filing a civil action on February 21, 2017 in this judicial district against Zydus alleging infringement of the '405 patent. The remainder of Paragraph 8 contains legal conclusions to which no answer is required. To the extent that an answer is required, Amgen does not contest that there is a justiciable controversy between Zydus and Amgen concerning the alleged infringement of the '405 patent, but Amgen denies that Zydus is entitled to any of the relief it seeks.

9. Paragraph 9 contains legal conclusions to which no answer is required. To the extent that an answer is required, Amgen does not contest personal jurisdiction in Delaware or that Delaware is the proper venue, for the limited purposes of this action only. Amgen denies all remaining allegations in paragraph 9.

10. Paragraph 10 contains legal conclusions to which no answer is required. To the extent that an answer is required, Amgen admits that there is a definite and concrete, real and substantial justiciable controversy between Zydus and Amgen as to the infringement and validity of the ’405 patent, but denies that Zydus is entitled to any of the relief it seeks. Amgen denies all remaining allegations in paragraph 10.

## THE CONTROVERSY

11. Amgen admits that Zydus purports to bring an action for declaratory relief seeking a declaration of non-infringement and invalidity of the ’405 patent.

12. Amgen admits the allegations in paragraph 12.

13. Paragraph 13 contains legal conclusions and allegations to which no answer is required. To the extent that an answer is required, Amgen admits that 21 U.S.C. § 355(c)(2) states “the holder of an approved [NDA] application shall file with the Secretary [of Health and Human Services] the patent number and expiration date of any patent which claims the drug for which the application was submitted or which claims a method of using such drug ….” Amgen admits that the FDA publishes these patent(s) in an electronic, publicly available database called APPROVED DRUG PRODUCTS WITH THERAPEUTIC EQUIVALENCE EVALUATIONS, also known as the “Orange Book.” Amgen denies all remaining allegations in paragraph 13.

14. Amgen admits the allegations in paragraph 14.

15. Upon information and belief, Amgen admits the allegations in paragraph 15.

16. Upon information and belief, Amgen admits the allegations in paragraph 16.

17. Upon information and belief, Amgen admits the allegations in paragraph 17.

18. Amgen admits that on February 6, 2017, it received a Notice Letter from Zydus Pharmaceutical (USA) Inc., dated February 3, 2017, notifying Amgen of a paragraph IV certification for the ’405 patent with respect to Zydus’ filing of ANDA No. 208971.

19. Amgen admits that on February 6, 2017, it received a Notice Letter from Zydus Pharmaceutical (USA) Inc., dated February 3, 2017, attaching a document entitled “Zydus’ Detailed Factual and Legal Basis in Support of its Paragraph IV Certification for U.S. Patent No. 9,375,405” (“Detailed Statement”). Amgen denies all remaining allegations in paragraph 19.

20. Amgen admits that Zydus Pharmaceutical (USA) Inc.’s Notice Letter contained an offer of confidential access to certain information from its ANDA No. 208971 to attorneys from one outside law firm representing Amgen. Amgen denies all remaining allegations in paragraph 20.

21. Amgen admits that Zydus’ Detailed Statement stated that “no valid claims of U.S. Patent No. 9,375,405 (the ’405 patent) will be infringed by the commercial manufacture, use, or sale of the drug product described in Zydus’ ANDA No. 208971.” Amgen denies all remaining allegations in paragraph 21.

22. Amgen admits that Zydus’ Detailed Statement further stated that “Claims 1-20 of the ’405 Patent are Invalid under 35 USC 112” and “Claims 1-4, 6-11, 13-15 and 16-20 of the ’405 Patent are Invalid under 35 USC 103.” Amgen denies all remaining allegations in paragraph 22.

23. Amgen denies the allegations in paragraph 23.

24. Paragraph 24 does not contain any allegation of facts requiring a response.

25. Amgen admits that on February 21, 2017, Amgen filed the complaint in this Court alleging that Zydus’ act of submitting ANDA No. 208971 infringes the ’405 patent and that

Zydus' intended commercial manufacture, use, sale, offer for sale, or importation of the products described in ANDA No. 208971 will infringe, either literally or under the doctrine of equivalents, induce and/or contribute to the infringement of at least claim 1 of the '405 patent under 35 U.S.C. § 271(a), (b) and/or (c). Amgen denies all remaining allegations in paragraph 25.

26. Amgen denies the allegations in paragraph 26.

27. Amgen admits that Zydus purports to deny that it infringes any valid claim of the '405 patent.

28. Paragraph 28 contains legal conclusions to which no answer is required. To the extent that an answer is required, Amgen admits that an actual controversy now exists between Amgen and Zydus as to whether Zydus infringes any valid claim of the '405 patent, but denies that Zydus is entitled to any of the relief it seeks. Amgen denies all remaining allegations in paragraph 28.

29. Amgen admits that Amgen will continue to assert that Zydus' submission of ANDA No. 208971 is an act of infringement under 35 U.S.C. § 271(e)(2)(A) and that the manufacture, use, sale, offer for sale, and importation of Zydus' ANDA products, once approved by the FDA, will infringe, either literally or under the doctrine of equivalents, induce and/or contribute to the infringement of at least claim 1 of the '405 patent under 35 U.S.C. § 271(a), (b) and/or (c). Amgen denies all remaining allegations in paragraph 29.

## COUNTERCLAIM COUNT I
## (Non-infringement of the '405 Patent)

30. Amgen repeats its responses to each of the preceding paragraphs 1 through 29 as if fully set forth herein.

31. Paragraph 31 contains legal conclusions to which no answer is required. To the extent that an answer is required, Amgen admits there is an actual, substantial, and continuing justiciable case or controversy between Zydus and Amgen as to the infringement of the ’405 patent, but denies that Zydus is entitled to any of the relief it seeks. Amgen denies all remaining allegations in paragraph 31.

32. Amgen denies the allegations in paragraph 32.

33. Amgen admits that Zydus requests, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., a declaration from the Court that it does not infringe the claims of the ’405 patent. Amgen denies all remaining allegations in paragraph 33.

**COUNTERCLAIM COUNT II**
**(Invalidity of the ’405 Patent)**

34. Amgen repeats its responses to each of the preceding paragraphs 1 through 33 as if fully set forth herein.

35. Amgen denies the allegations in paragraph 35.

36. Amgen denies the allegations in paragraph 36.

37. Paragraph 37 contains legal conclusions to which no answer is required. To the extent that an answer is required, Amgen admits there is an actual, substantial, and continuing justiciable case or controversy between Zydus and Amgen as to the validity of the ’405 patent, but denies that Zydus is entitled to any of the relief it seeks. Amgen denies all remaining allegations in paragraph 37.

38. Amgen denies the allegations in paragraph 38.

39. Amgen denies the allegations in paragraph 39.

40. Amgen denies the allegations in paragraph 40.

41. Paragraph 41 does not contain any allegation of facts requiring a response.

42. Amgen denies the allegations in paragraph 42.

**PRAYER FOR RELIEF**

The "WHEREFORE" paragraph following paragraph 42 of Zydus' Counterclaims and the six letter paragraphs (A-F) that follow it state Zydus' Prayer for Relief, to which no response is required. To the extent that a response is required, Amgen denies that Zydus is entitled to any of the relief sought in paragraphs (A)-(F) of the Prayer for Relief in Zydus' Counterclaims, or to any relief whatsoever.

WHEREFORE, Amgen respectfully requests the following relief:

A. An order dismissing Zydus' Counterclaims with prejudice;

B. An order granting each and every Prayer for Relief sought by Amgen in the Complaint;

C. An award of costs and expenses of Amgen in defending these Counterclaims; and

D. Such further and additional relief as this Court determines to be just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Amgen Inc.*

OF COUNSEL:

John D. Murnane
Joshua I. Rothman
Alicia A. Russo
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

Wendy A. Whiteford
Lois M. Kwasigroch
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

May 19, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2017, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 19, 2017, upon the following in the manner indicated:

Mary B. Matterer, Esquire *VIA ELECTRONIC MAIL*
Richard K. Herrmann, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
*Attorneys for Defendants Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.*

Steven H. Sklar, Esquire *VIA ELECTRONIC MAIL*
Gregory C. Bays, Esquire
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
180 North Stetson Avenue, Suite 4900
Chicago, IL 60601
*Attorneys for Defendants Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc.*

Stephen B. Brauerman, Esquire *VIA ELECTRONIC MAIL*
Sara E. Bussiere, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
*Attorneys for Defendants Cipla Limited and Cipla USA, Inc.*

Anil H. Patel, Esquire *VIA ELECTRONIC MAIL*
Joshua H. Lee, Esquire
Courtney S. Dabbiere, Esquire
KILPATRICK TOWNSEND AND STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
*Attorneys for Defendants Cipla Limited and Cipla USA, Inc.*

John C. Phillips, Jr., Esquire *VIA ELECTRONIC MAIL*
David A. Bilson, Esquire
PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
*Attorneys for Defendants Ajanta Pharma Limited, Ajanta Pharma USA Inc., Breckenridge Pharmaceutical, Inc., Sun Pharmaceutical Industries, Ltd., Sun Pharma Global FZE, Sun Pharmaceutical Industries, Inc., Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (d/b/a Zydus Cadila)*

Sailesh K. Patel, Esquire *VIA ELECTRONIC MAIL*
Jaimin H. Shah, Esquire
Tara L. Feld, Esquire
Schiff Hardin LLP
233 South Wacker Drive, Suite 6600
Chicago, IL 60606
*Attorneys for Defendants Ajanta Pharma Limited and Ajanta Pharma USA Inc.*

John K. Hsu, Esquire *VIA ELECTRONIC MAIL*
SCHIFF HARDIN LLP
901 K Street, NW, Suite 700
Washington, DC 20001
*Attorneys for Defendants Ajanta Pharma Limited and Ajanta Pharma USA Inc.*

Robert Vroom, Esquire *VIA ELECTRONIC MAIL*
Bruce D. DeRenzi, Esquire
BRECKENRIDGE PHARMACEUTICAL, INC.
60 East 42nd Street, Suite 5210
New York, NY 10165
*Attorneys for Defendant Breckenridge Pharmaceutical, Inc.*

Mark S. Schuman, Esquire
Samuel T. Lockner, Esquire
Caroline L. Marsili, Esquire
Jonathan D. Carpenter, Esquire
CARLSON, CASPERS, VANDENBURGH, LINDQUIST & SCHUMAN
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
*Attorneys for Defendants Sun Pharmaceutical Industries, Ltd., Sun Pharma Global FZE and Sun Pharmaceutical Industries, Inc.*

*VIA ELECTRONIC MAIL*

William D. Hare, Esquire
MCNEELY, HARE & WAR LLP
12 Roszel Road, Suite C104
Princeton, NJ 08540
*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (d/b/a Zydus Cadila)*

*VIA ELECTRONIC MAIL*

Renita S. Rathinam, Esquire
MCNEELY, HARE & WAR LLP
5335 Wisconsin Ave, NW, Suite 440
Washington, DC 20015
*Attorneys for Defendants Zydus Pharmaceuticals (USA) Inc. and Cadila Healthcare Ltd. (d/b/a Zydus Cadila)*

*VIA ELECTRONIC MAIL*

James S. Green, Sr., Esquire
Jared T. Green, Esquire
SEITZ, VAN OGTROP & GREEN, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
*Attorneys for Defendants Strides Pharma Global PTE Limited and Strides Pharma, Inc.*

*VIA ELECTRONIC MAIL*

Joseph M. Bennett-Paris, Esquire
Richard T. Ruzich, Esquire
Ian Scott, Esquire
Philip Y. Kouyoumdjian, Esquire
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, IL 60601-3713
*Attorneys for Defendants Strides Pharma Global PTE Limited and Strides Pharma, Inc.*

*VIA ELECTRONIC MAIL*

David E. Moore, Esquire
Bindu A. Palapura, Esquire
Stephanie E. O'Byrne, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
*Attorneys for Defendants Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC*

*VIA ELECTRONIC MAIL*

Oren D. Langer, Esquire
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, NY 10022
*Attorneys for Defendants Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC*

*VIA ELECTRONIC MAIL*

Jake M. Holdreith, Esquire
Kelsey J. Thorkelson, Esquire
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
*Attorneys for Defendants Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC*

*VIA ELECTRONIC MAIL*

Dominick T. Gattuso, Esquire
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

*VIA ELECTRONIC MAIL*

Steven A. Maddox, Esquire
Kaveh V. Saba, Esquire
Jeremy J. Edwards, Esquire
MADDOX EDWARDS, PLLC
1900 K Street NW, Suite 725
Washington, D.C. 20006
*Attorneys for Defendants Apotex Inc. and Apotex Corp.*

*VIA ELECTRONIC MAIL*

John Thallemer, Esquire *VIA ELECTRONIC MAIL*
Director – Intellectual Property
HETERO USA INC.
1035 Centennial Avenue
Piscataway, NJ 08854
*Attorneys for Defendants Hetero USA Inc., Hetero Labs Ltd. and Hetero Labs Ltd. Unit V*

Kenneth L. Dorsney, Esquire *VIA ELECTRONIC MAIL*
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
*Attorneys for Defendants Hetero USA Inc., Hetero Labs Ltd. and Hetero Labs Ltd. Unit V*

Gurpreet (Ray) Singh Walia, Esquire *VIA ELECTRONIC MAIL*
Richard Greco, Esquire
COHEN & GRESSER LLP
800 Third Avenue
New York, NY 10022
*Attorneys for Defendants Hetero USA Inc., Hetero Labs Ltd. and Hetero Labs Ltd. Unit V*

Joseph J. Bellew, Esquire *VIA ELECTRONIC MAIL*
COZEN O'CONNOR
1201 North Market Street, Suite 1001
Wilmington, DE 19801
*Attorneys for Defendants Micro Labs Limited, Micro Labs USA, Inc., Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

Martin B. Pavane, Esquire *VIA ELECTRONIC MAIL*
Marilyn Neiman, Esquire
COZEN O'CONNOR
277 Park Avenue
New York, NY 10172
*Attorneys for Defendants Micro Labs Limited, Micro Labs USA, Inc., Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

Gene A. Lang, Esquire *VIA ELECTRONIC MAIL*
COZEN O'CONNOR
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4410
Miami, FL 33131
*Attorneys for Defendants Micro Labs Limited, Micro Labs USA, Inc., Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc.*

John W. Shaw, Esquire *VIA ELECTRONIC MAIL*
Karen E. Keller, Esquire
David M. Fry, Esquire
SHAW KELLER LLP
1105 North Market Street, 12th Floor
Wilmington, DE 19801
*Attorneys for Defendants Watson Laboratories, Inc., Actavis, Inc. and Actavis Pharma, Inc.*

George C. Lombardi, Esquire *VIA ELECTRONIC MAIL*
Zachary L. Sorman, Esquire
Christopher B. Essig, Esquire
WINSTON STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
*Attorneys for Defendants Watson Laboratories, Inc. and Actavis Pharma, Inc.*

Stamatios Stamoulis, Esquire *VIA ELECTRONIC MAIL*
Richard C. Weinblatt, Esquire
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
*Attorneys for Defendants Mylan Pharmaceuticals Inc. and Mylan Inc.*

Deepro R. Mukerjee *VIA ELECTRONIC MAIL*
Lance Soderstrom, Esquire
Stephanie M. Roberts, Esquire
ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, NY 10016-1387
*Attorneys for Defendants Mylan Pharmaceuticals Inc. and Mylan Inc.*

Joseph M. Janusz, Esquire
Travis J. Iams, Esquire
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
*Attorneys for Defendants Mylan Pharmaceuticals Inc. and Mylan Inc.*

*VIA ELECTRONIC MAIL*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)