IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-853-GMS |
| | ) | CONSOLIDATED |
| v. | ) | |
| | ) | |
| AUROBINDO PHARMA LTD. and | ) | |
| AUROBINDO PHARMA USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER CONSTRUING THE TERMS OF U.S. PATENT NO. 9,375,405

After having considered the submissions of the parties and hearing oral argument on the matter, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, as used in the asserted claims of U.S. Patent No. 9,375,405 (the "'405 Patent"):

1. The term **"relative to the total weight of the composition"** is construed in accordance with its plain and ordinary meaning.[1]

---

[1] Plaintiff Amgen Inc. ("Amgen") argues that claim construction is necessary because a person of skill in the art would understand the term to have at least the following meanings: (1) compared to the total weight of **core/uncoated composition** or (2) compared to the total weight of a **coated composition**. (D.I. 59 at 3.) Thus, Amgen proposes construing the term as "compared to the total weight of the core/uncoated composition." In support of this construction, Amgen principally relies on the non-limiting exemplary embodiment in the specification to support its proposed construction. '405 patent, col. 11 ll. 10-45. During *Markman*, Amgen emphasized that "total weight of the composition . . . is calculated only one time, and it is calculated in a way to elegantly cover whether you have a coated substance or an uncoated substance." *Markman* Hr'g Tr. 37:11-15.

Although it is undisputed that the calculations within the non-limiting exemplary embodiment support Amgen's position, the court rejects Amgen's proposed construction. The court finds, as defendants Aurobindo Pharma LTD., et al. ("Aurobindo"), point out that Amgen seeks to improperly narrow the scope of the claim. (D.I. 60 at 5-9.) The crux of the issue is that Amgen seeks to limit the claimed term to a single example in the specification. The Federal Circuit, however, teaches against constructions that seek to limit an invention to a single example in the specification. *See Philips*, 415 F.3d at 1325 ("[A]lthough the specification often describes very specific embodiments of the invention, we have repeatedly warned against confining the claims to those embodiments."); *Cadence Pharms. Inc. v. Exela Pharma Scis. LLC*, 780 F.3d 1364, 1369 (Fed. Cir. 2015) ("[E]ven if all of the embodiments discussed in the patent included a specific limitation, it would not be proper to import from a patent's written description limitations that are

Dated: July 19, 2017

_____
UNITED STATES DISTRICT JUDGE

---

not found in the claims themselves."). Because the court finds no clear intention to limit the claim scope in the intrinsic record, the court construes the term "relative to the total weight of the composition" in accordance with its plain and ordinary meaning.