IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 16-853 (MSG) |
| v. | ) | CONSOLIDATED |
| | ) | |
| AMNEAL PHARMACEUTICALS LLC, | ) | ████████████████ |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AMGEN'S ANSWERING BRIEF IN OPPOSITION TO SUN'S
MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT**

OF COUNSEL:

John D. Murnane
Joshua I. Rothman
Alicia A. Russo
VENABLE LLP
1290 Avenue of the Americas
New York, NY  10104-3800
(212) 218-2100

Wendy A. Whiteford
Lois M. Kwasigroch
Eric M. Agovino
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

Original Filing Date:  April 11, 2019
Redacted Filing Date:  April 18, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Amgen Inc.*

# TABLE OF CONTENTS

Page

I.  FACTUAL BACKGROUND .................................................................................................. 3

   A.  The Sun Agreement ...................................................................................................... 3

   B.  Teva's At Risk Launch ................................................................................................. 7

II.  ARGUMENT ..................................................................................................................... 9

   A.  The Court Lacks Subject Matter Jurisdiction to Decide Sun's Motion ........................... 9

   B.  The Sun Agreement ███████████████████████ ........................ 10

      1.  Legal Standards ............................................................................................. 10

      2.  ███████████████████ ................................................... 11

      3.  ████████████████████████████
         █████████ ......................................................................................... 12

         (a) ████████████████ ........................................... 13

         (b) ███████████████████████ ............................ 14

      4.  ██████ ███████████████████████ Support Amgen's
        Interpretation of the Sun Agreement ................................................................ 17

   C.  Discovery and an Evidentiary Hearing Are Not Necessary ............................................ 19

III.  CONCLUSION .............................................................................................................. 20

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Life Ins. Co. v. Haworth,*
    300 U.S. 227 (1937)........................................................................................................10

*Armstrong World Indus., Inc. by Wolfson v. Adams,*
    961 F.2d 405 (3d Cir. 1992)...........................................................................................9

*Cipla Ltd. et al. v. Amgen Inc. et al.,*
    C.A. No. 19-44(LPS) ....................................................................................................2

*Eagle Indus., Inc. v. DeVilbiss Health Care, Inc.,*
    702 A.2d 1228 (Del. 1997) ...................................................................................11, 17

*First Data Corp. v. Inselberg,*
    870 F.3d 1367 (Fed. Cir. 2017)......................................................................................9

*Flast v. Cohen,*
    392 U.S. 83 (1968).........................................................................................................9

*GMG Capital Inv., LLC v. Athenian Venture P'rs I, L.P.,*
    36 A.3d 776 (Del. 2012) ..............................................................................................11

*Hendrickson v. United States,*
    791 F.3d 354 (2d Cir. 2015)...........................................................................................9

*Kokkonen v. Guardian Life Ins. Co. of Am.,*
    511 U.S. 375 (1994).......................................................................................................9

*Maya Swimwear Corp. v. Maya Swimwear, LLC,*
    855 F. Supp. 2d 229 (D. Del. 2012)............................................................................10

*MedImmune, Inc. v. Genentech, Inc.,*
    549 U.S. 118 (2007).....................................................................................................10

*MicroStrategy, Inc. v. Acacia Research Corp.,*
    C.A. No. 5735–VCP, 2010 WL 5550455 (Del. Ch. Dec. 30, 2010)..................10, 11

*Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.,*
    589 F. Supp. 2d 457 (D. Del. 2008).............................................................................11

*Rohm and Hass Elec. Materials, LLC v. Honeywell Int'l., Inc.,*
    C.A. No. 06-297, 2009 WL 1033651 (D. Del. Apr. 16, 2009)...................................11

*S'holder Representative Servs. LLC v. Gilead Scis., Inc.*,
   C.A. No. CV 10537-CB, 2017 WL 1015621 (Del. Ch. Mar. 15, 2017), *aff'd*,
   177 A.3d 610 (Del. 2017) .......................................................................................................19

Amgen Inc. ("Amgen") hereby opposes Sun Pharmaceutical Industries Ltd., Sun Pharma Global FZE, and Sun Pharmaceutical Industries, Inc.'s (collectively, "Sun") "Motion to Enforce the Parties' Settlement Agreement." ████████████████████████████████ Sun entered into a litigation settlement agreement with Amgen on October 24, 2017 ("the Sun Agreement") ███████ ████████████████████████████████, and exited this consolidated patent infringement action early, avoiding potentially costly discovery and trial. In exchange, Sun agreed that ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

After this Court entered a judgment of non-infringement as to another ANDA filer, Watson Laboratories, Inc. ("Watson"), and Amgen appealed that decision, Watson's affiliate Teva Pharmaceuticals USA, Inc. ("Teva") launched its product at risk on December 28, 2018. On January 2, 2019, Amgen and Teva entered into a settlement agreement ████████████████

████████████████████████████████████████████████████

██████████████ Contrary to the plain language of the Sun Agreement ██████████████████

██████████████████ Sun now argues that ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████. Sun's motion should be denied for at least two reasons.

First, Sun's motion is styled as a "motion to enforce the parties' settlement agreement," but Sun does not allege that Amgen has breached the settlement agreement or ask the Court to order Amgen to perform any acts. Nor does Sun cite any authority for the relief it is seeking from the Court. Rather, Sun's motion improperly seeks discovery and an advisory opinion on

the proper interpretation of the Sun Agreement.  Sun can seek advice from this Court regarding the meaning of its settlement agreement (and obtain relevant discovery) only by filing a declaratory judgment action that adequately pleads facts sufficient to establish that this Court has jurisdiction over an actual ripe case or controversy between the parties, as another party has attempted to do through a declaratory judgment action (*see Cipla Ltd. et al. v. Amgen Inc. et al.,* 19-44(LPS)).[1]  Sun's motion, therefore, should be denied for lack of subject matter jurisdiction.

Second, Sun grossly misreads the Sun Agreement.  ████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████   ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████  This should end the inquiry.

Sun also distorts the Sun Agreement by introducing requirements that are not found in the plain language of the Sun Agreement.  In particular, Sun argues that Amgen ████████████

████████████████████████████████████████████████████████████████

████████████████████  Not so.  ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████  Even if Sun is correct (it is not)

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████  This common-sense interpretation is

---

[1] Amgen does not admit that Sun can plead sufficient facts to support a declaratory judgment action against Amgen.

supported by the plain terms of the Sun Agreement.  And to the extent there is any alleged

ambiguity in the Sun Agreement, this interpretation is further supported and confirmed by the

███████████████████████████████████████████████████████████████████████

███ .

## I.    FACTUAL BACKGROUND

Amgen sued Sun on September 29, 2016, asserting that Sun's proposed Generic

Cinacalcet Product[2] would infringe Amgen's U.S. Patent No. 9,375,405 ("the '405 patent") if

marketed and sold in the United States.  (*See* D.I. 1 in 16-cv-882.)  On February 23, 2017, that

lawsuit was consolidated into this action (Case No. 16-853), along with Amgen's lawsuits

against several other generic drug manufacturers who filed ANDAs concerning generic

cinacalcet HCl products.

### A.    The Sun Agreement

███████████████████████████████████████████████████████████████████████

███████████████████████████████████████████ , on October 24, 2017 Amgen and Sun

entered into the Sun Agreement.  (*See* Ex. A, Sun Agreement.)  The Sun Agreement disposed of

all claims between Amgen and Sun in the consolidated action and required the filing of a

Stipulation of Dismissal and [Proposed] Order ("Stipulation"), which the Court entered on

November 2, 2017.  (*Id.* §2; D.I. 253.)  Under the Stipulation, Sun admitted that its product

infringed the '405 patent, and that the '405 patent was valid and enforceable.  (D.I. 253.)  The

---

[2] Where the definition of a particular term is not critical to the instant dispute, Amgen uses
capitalized words to refer to specific terms defined in Section 1 of the Sun Agreement without
providing the full definition of the term in this brief.  These words are intended to have the same
meanings as those provided in Section 1.

Stipulation enjoins Sun from selling its proposed Generic Cinacalcet Product "except to the extent specifically authorized in the Settlement Agreement." (*Id.*)

The Sun Agreement ████████████████████████████████████████████

████████████████████████ Pursuant to ████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████

   ██   ████████████████████████████████████████
      ████████████████████████████████████████
      ██████████████████████████████████████
      ████████████████████ ██████████

   ██   ████████████████████████████████████████
      ████████████████████████████████████████
      ████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████ ██████████ ████████████████████

██████████████████████████████████████████████████ Consequently,

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████

   ████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████ ██████████ Per the Sun Agreement, ████████████████

---

[3] The '405 patent expires in September 2026 ████████████████████████████
██████

Thus,

██████████████████████████████████████████████████ .[4]  ██████████  ████

███████████████████████████████████████████████████████████████████

███████████████████████████████  ████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████  █████████  ████

███████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████  ██████████  ████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████

However, ██████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

Specifically, ████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

_____

[4] ██████████████████████████████████████████████████████████████
██████████████████████████████████  ██████████████████████████████
████████████  Here, the only Third Party that Launched (first sold) its Generic Cinacalcet
Product At Risk was Teva.  There is no dispute that Amgen entered into an agreement with Teva
█████████████████████████████████  ████████████████████████████████████
██████████████████████████████

███████████████████████████████████████████████

████████  This shows that the parties ██████████████████████████

███████████████████████████████████████████████

██████████████████████████████████. In fact, as discussed in more

detail below, ████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

**B.    Teva's At Risk Launch**

The consolidated litigation did not end when Sun settled with Amgen. Several other defendants, including Watson, chose to see the case through to trial. On August 24, 2018, after a four-day bench trial, this Court entered judgment that, *inter alia*, Watson's proposed generic cinacalcet product did not infringe the asserted claims of the '405 patent. (D.I. 384.) However, Watson could not immediately sell its Generic Cinacalcet Product because it lacked the requisite FDA approval of its ANDA to do so. Amgen timely appealed the judgment to the Federal Circuit on September 20, 2018. Then, on December 27, 2018, the FDA approved Watson's ANDA. The next day, December 28, Teva, Watson's corporate parent, Launched a Generic Cinacalcet Product in the U.S. without authorization from Amgen and without a mandate of the Federal Circuit in Amgen's appeal of this court's non-infringement decision. Thus, ████████

███████████████████████████████████████████

On January 2, 2019, a mere two business days after Teva's At Risk Launch, Amgen and Teva agreed to settle their litigation pursuant to a settlement agreement (the "Amgen-Teva Agreement"), in which Teva agreed to cease selling its Generic Cinacalcet Product and pay a

specified amount to Amgen as a result of its At Risk Launch.[5]  Also on January 2, ███████████

████████████████████████ Amgen sent a letter to Sun and its counsel notifying them that

████████████████████████████████████████████████████████████████████

███████████████████████████████████████     ██████████████████████████

███████████████     In essence,     ██████████████████████████████████

███████████████████  ██  ███████████████████████████████████████████████

███████████████████████████████████     As a result, Amgen notified Sun in its

████████████████████████████████████████████████████████████████████

███████████████████████     (Id.)

    In response, Sun sent Amgen a letter on January 4 ██████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████     Tellingly, Sun did not

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████.

---

[5] *See* Ex. B, Amgen's Announcement of the Amgen/Teva/Watson Agreement, available at
https://wwwext.amgen.com/media/featured-news/2019/0l/amgen-announced-today-that-it-has-
resolved-its-ongoing-dipute-with-teva/;  Teva's Announcement of the Amgen/Teva/Watson
Agreement,  available  at  http://ir.tevapharm.com/investors/press-releases/press-release-
details/2019/Teva-and-Amgen-Resolve-Ongoing-Dispute-Over-Tevas-Generic-Cinacalet-HCl-
Product/default.aspx.

## II.     ARGUMENT

### A.     The Court Lacks Subject Matter Jurisdiction to Decide Sun's Motion

This Court lacks subject matter jurisdiction to decide Sun's motion because the motion merely seeks an advisory opinion.  "The judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'"  *Flast v. Cohen*, 392 U.S. 83, 94 (1968).  Because federal courts can only hear cases and controversies, they do not have the power to issue purely advisory opinions.  *Id.* at 95-96.  Here, Sun's motion purports to be a motion to enforce a settlement agreement, which "is fundamentally a claim for breach of a contract."  *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).  But Sun does not allege that Amgen has breached any of its obligations under the Sun Agreement.  Instead, Sun simply asks this Court to render an advisory opinion as to the proper interpretation of certain provisions of the Sun Agreement.  Sun cites no authority suggesting that a federal court can issue such an advisory opinion on a motion to enforce a settlement agreement where no breach of the agreement is even alleged.  *See Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 410 (3d Cir. 1992) ("Article III, section 2 of the United States Constitution . . . stands as a direct prohibition on the issuance of advisory opinions").  Thus, this Court lacks subject matter jurisdiction to hear Sun's motion.

In addition, Sun's motion is not ripe for consideration.  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  *First Data Corp. v. Inselberg*, 870 F.3d 1367, 1375 (Fed. Cir. 2017) (quotations omitted).  Sun asks the Court to declare that *if* it chooses to start selling its Generic Cinacalcet Product immediately, such sales ***would be*** authorized by the Sun Agreement.  Sun does not allege that it intends to, and is in fact prepared to, start selling its generic product immediately.  In fact, it is unclear if Sun will ever sell a Generic Cinacalcet Product in the United

States, let alone that it would do so immediately if this Court were to advise that it would not face contract liability if it were to launch based solely upon sales made by Teva's downstream distributors and resellers.  Rather than even *attempt* to plead "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), Sun simply asks this Court to advise it of "what the law would be upon a hypothetical state of facts," *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).  Thus, Sun's motion is not ripe because it seeks a declaration concerning purely speculative events that may or may not occur in the future.

**B.**     **The Sun Agreement** ███████████████████████████████

To the extent the Court reaches the merits of Sun's motion, the Sun Agreement ████████

███████████████████████████████████████████████  ██████  ██████████

████████████████████████████████████████████████████████████████████

████████████████████

**1.**     **Legal Standards**

"State law governs the construction and enforcement of settlement agreements in federal court."  *Maya Swimwear Corp. v. Maya Swimwear, LLC*, 855 F. Supp. 2d 229, 234 (D. Del. 2012).  Here, the Sun Agreement provides that it "shall be governed and construed in accordance with the laws of the State of Delaware."  (Ex. A, Sun Agreement § 8.3.)  Delaware interprets settlement agreements according to traditional contract construction, which seeks "to determine the parties' shared intent, looking first at the relevant document, read as a whole, in order to divine that intent."  *MicroStrategy, Inc. v. Acacia Research Corp.*, No. 5735–VCP, 2010 WL 5550455, *5 (Del. Ch. Dec. 30, 2010)(quotations omitted).  The Court must be careful not to interpret the agreement in a manner that renders any provision "illusory or meaningless."  *Id.*

If an agreement's language is "clear and unambiguous," the ordinary meaning or the parties' agreed-upon definition of that language will generally establish the parties' intent. *Id.* In such a case, "extrinsic evidence may not be used to interpret the intent of the parties, to vary the terms of the contract, or to create an ambiguity." *GMG Capital Inv., LLC v. Athenian Venture P'rs I, L.P.*, 36 A.3d 776, 783-84 (Del. 2012) (quoting *Eagle Indus., Inc. v. DeVilbiss Health Care, Inc.*, 702 A.2d 1228, 1232 (Del. 1997)). However, if a contract is ambiguous, the Court may consider extrinsic evidence, including evidence of prior agreements and communications of the parties as well as trade usage or course of dealing. *Eagle Indus.*, 702 A.2d at 1233.

In Delaware, the standard of review for settlement enforcement motions is similar to the standard for summary judgment motions. *Rohm and Hass Elec. Materials, LLC v. Honeywell Int'l., Inc.*, No. 06-297, 2009 WL 1033651, at *4 (D. Del. Apr. 16, 2009). Thus, Sun's enforcement motion should only be granted if the moving papers show that Sun is entitled to judgment as a matter of law. *See Parker-Hannifin Corp. v. Schlegel Elec. Materials, Inc.*, 589 F. Supp. 2d 457, 461 (D. Del. 2008).

**2.** ███████████████████████████

Under any construction of the Sun Agreement, ███████████████████████

███████████████████████████████████████████████████████

███████████. Teva Launched its product on December 28, 2018 ███████████

███████████████████████████████████████████████. Thus,

███████████████████████████   ███████████████

███████████████████████████████████████

███████████████████████████████████████

███████████

██████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████████. It is undisputed that

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████

**3.**   █████████████████████████████████████

██████████████████████████

Because it cannot ████████████████████, Sun resorts to arguing that ████████████

████████████████████████████████████████████████

████████████████████████ ██████████████████████.

Sun is wrong. ███████████████████████████████████

██████████ ██████████████████████████████████

████████████████████████████████████.

Although Amgen generally agrees with Sun's characterization of what occurs during an

At-Risk Launch, ██████████████████ ████████████████████████████████

████████████  It is true that generic manufacturers may sell more than the amount of product the

market would normally absorb during a brief At Risk Launch; that a generic drug manufacturer

might release product "in phase" by selling to an unrelated distributor; and that distributors in

turn sell to other channels or outlets, whereby eventually the product may make its way to end

users.  (D.I. 437 at 5.)  These are all common occurrences associated with At Risk Launches, and

Sun was aware of these types of occurrences when it negotiated the Sun Agreement.  As set forth

below, however, ███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████

██████████████ In fact, Sun's declarant states that ███████████████████████

█████████████████████████████████ (D.I. 437, Ex. G, Kuznetsov Decl. ¶5.)  The

Sun Agreement makes clear that ██████████████████████████████████████████████

████████████████████████████████████████████

       **(a)**   ███████████████████████████████████

       Sun  contends  that ████████████████████████████████████████████████████

████████████████████████████████████ (D.I.  437  at  2).   This  is

manifestly incorrect.  The Sun Agreement expressly provides that █████████████████

████████████████████████████████████████████████████████████████████████████

██████████████████████████████ According  to  the  Sun  Agreement's  plain  terms,  ████████

████████████████████████████████████████████████████████████████████████████

███████ ███████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████ Indeed, as explained at

pages 17-18 *infra,* ██████████████ ██████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████ ███████████████████████████████████████

██████████████████████████ Thus, ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

13

██████████████████████████████████████████████████████

████████████████████████.  The Sun Agreement ████████████████

█████████████████████████████████████████████████████████████

████████████   ████████████████   ████████████████████████████  Again,

█████████████████████████████████████████████████████████████

████████████████████████████  Consequently, ███████████████████

█████████████████████████████.

Sun tries to confuse the issue by ████████████████████████████

████████████████████████████████████.  Yet the Sun Agreement

██████████████████.  Contrary to Sun's assertions, ████████████

██████████████████████████  (*See* Sun Br. at 8.)  In fact, █████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████  In either case, the fact remains that ███████████████

█████████████████████████████████████████████████████████████

████████████████████████

**(b)**   ███████████████████████████████████████

Sun further contends that, ██████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████  (Sun Br. at 7.)  According to Sun, ██████████

█████████████████████████████████████████████████████████████

████████████████████████████████████  (*Id.* at 7-9.)  Sun's

argument is plainly incorrect; the express terms of the Sun Agreement ████████████

███████████ ███████████████████████████████████████

███████████████████████████████████████████████████

██████████████████

As discussed above, ████████████████████████████████████

███████████████████ ███████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████ ████████████

████████████████ Here, contrary to Sun's arguments, █████████████

███████████████████████████████████████████████████

████████████ In this case, ███████████████████████████████

█████████████████████████████████ █████████████████████

████████████████████████████████████████ Thus, Amgen █████

████████████████████████████████████.

Contrary to Sun's arguments, ██████████████████████████████

███████████████████████████████████████████████████

████████ Nor does the Agreement anywhere state ████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████.

That this is precisely the result that the parties contemplated and bargained for is

████████████████████████████████████ Indeed, ████████████████

████████████████████████████████████████████████████

█████████████████████████

      ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████

████████████████████████████ Specifically, ████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████ ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████.

      Sun's argument that ████████████████████████████████████

████████████████████████████████████████████████████ is

also untenable.  First, as discussed above, ███████████████████████████

████████████████████████████████.  And Sun has pointed to nothing in

the Settlement Agreement that suggests ████████████████████████████████

██████████████████████████████.  █████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

Thus, ██████████████████████████████████████████

██████████████ Although Sun now argues that ██████████████████████

████████████████████████████████████████████████████

██████████████████████ Sun cannot now ask the Court to rewrite the Sun Agreement.  In

fact, ████████████████████████████████████████████████

██████████████████████████████████████████

### 4.    ██████████████████████████████    Support
### Amgen's Interpretation of the Sun Agreement

To the extent that the Court finds the Sun Agreement ambiguous as to whether Sun is

permitted to enter the market due to Amgen's failure to "police" the market, the Court may then

consider extrinsic evidence to determine the proper interpretation of the agreement.  *Eagle*

*Indus.*, 702 A.2d at 1233.  Amgen and Sun ████████████████████████████

████████████████████████████████ These ██████████████████████

demonstrate that Amgen's interpretation of the agreement is correct.  They also show that ███

████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

████ ██ ██████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ ███ ████████████████████

████████████████████████████████████████  ██████  ████████████████

████████████████████████████.

The parties' ██████████████████████ show that ██████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

██████████████████████████████████ Sun cannot now argue that

█████████████████████████████████████████████████████████████████

████████████████████████████ *See S'holder Representative Servs. LLC v.*

*Gilead Scis., Inc.*, No. CV 10537-CB, 2017 WL 1015621, at *1 (Del. Ch. Mar. 15, 2017), *aff'd*,

177 A.3d 610 (Del. 2017) (rejecting party's proposed contract interpretation, in which ***disease-***

***subgroup*** level regulatory approval of drug would trigger milestone payment, where party's

statements during negotiations showed party clearly intended that milestone payment would only

be triggered by a ***disease-level*** regulatory approval).  As such, ample extrinsic evidence supports

Amgen's interpretation that ██████████████████████████████████████

██████████████████████████████████ 2.  Accordingly, ██████████████

████████████████████████████████████████████

**C.**     **Discovery and an Evidentiary Hearing Are Not Necessary**

Sun requests that the Court grant limited, expedited discovery and an evidentiary hearing

as to (a) the content of ██████████████████████████████████ and (b) the

nature of ██████████████████████████████████. (Sun Br. at

10.)  As to the first topic, it cannot be reasonably disputed that Teva Launched its product At-

Risk on December 28. ████████  ████████████████████████████████

██████████████████████ Nothing contained in the Amgen-Teva agreement can

change the fact that ████████████████████████████████████

████████ Regarding the second topic, as discussed above, ██████████████

████████████████████████████████████████████████████████

████████ As such, no discovery on this point ████████████████████

████████████████████████████████████████ In sum, neither

discovery nor a hearing is needed for either of these topics and the Court should deny Sun's

requests.

## III.   **CONCLUSION**

For the foregoing reasons, Amgen respectfully requests that this Court DENY Sun's

Motion to Enforce the Parties Settlement Agreement and DENY Sun's requests for limited,

expedited discovery and an evidentiary hearing.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL:

John D. Murnane
Joshua I. Rothman
Alicia A. Russo
VENABLE LLP
1290 Avenue of the Americas
New York, NY  10104-3800
(212) 218-2100

Wendy A. Whiteford
Lois M. Kwasigroch
Eric M. Agovino
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

April 11, 2019

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Amgen Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 11, 2019, upon the following in the manner indicated:

Dominick T. Gattuso, Esquire                      *VIA ELECTRONIC MAIL*
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE  19801
*Attorneys for Defendants Sun Pharmaceutical*
*Industries, Ltd., Sun Pharma Global FZE and*
*Sun Pharmaceutical Industries, Inc.*

D. Clay Holloway, Esquire                         *VIA ELECTRONIC MAIL*
Mitchell G. Stockwell, Esquire
Courtney S. Dabbiere, Esquire
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA  30309-4528
*Attorneys for Defendants Sun Pharma Global*
*FZE and Sun Pharmaceutical Industries, Inc.*

Kasey E. Koballa, Esquire                         *VIA ELECTRONIC MAIL*
KILPATRICK TOWNSEND & STOCKTON LLP
607 14th Street, NW, Suite 900
Washington, DC  20005-2018
*Attorneys for Defendants Sun Pharma Global*
*FZE and Sun Pharmaceutical Industries, Inc.*

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)