IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 16-853 (MSG) |
| ) | CONSOLIDATED |
| AMNEAL PHARMACEUTICALS LLC, ) | |
| et al., ) | **REDACTED** |
| ) | **PUBLIC VERSION** |
| Defendants. ) | |

**AMGEN'S SUR-REPLY BRIEF IN OPPOSITION TO SUN'S
<u>MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT</u>**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
| OF COUNSEL: | Derek J. Fahnestock (#4705) |
|  | 1201 North Market Street |
| John D. Murnane | P.O. Box 1347 |
| Joshua I. Rothman | Wilmington, DE 19899 |
| Alicia A. Russo | (302) 658-9200 |
| VENABLE LLP | jblumenfeld@mnat.com |
| 1290 Avenue of the Americas | dfahnestock@mnat.com |
| New York, NY 10104-3800 |  |
| (212) 218-2100 | *Attorneys for Amgen Inc.* |

Wendy A. Whiteford
Lois M. Kwasigroch
Eric M. Agovino
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

Original Filing Date: April 29, 2019
Redacted Filing Date: May 6, 2019

# **TABLE OF CONTENTS**

    **Page**

I.  SUN'S BREACH OF CONTRACT ARGUMENTS ARE UNTIMELY ................................1

II.  SUN'S UNTIMELY REPLY ARGUMENTS DO NOT GIVE RISE TO SUBJECT MATTER JURISDICTION ...............................................................................................2

III. AMGEN DID NOT BREACH THE SUN AGREEMENT ........................................4

IV. SUN'S NEGOTIATION HISTORY ARGUMENTS ARE UNTIMELY AND INCORRECT ................................................................................................................4

V.  AMGEN'S INJUNCTION AGAINST PIRAMAL DOES NOT ▮▮▮▮▮▮ ▮▮▮▮▮ ................................................................................................................6

VI. CONCLUSION ............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Greenstar, LLC v. Heller*,
    814 F.Supp.2d 444 (D. Del. 2011) .................................................................................4

*Jordan v. Bellinger*,
    2000 U.S. Dist. LEXIS 19233 (D. Del. April 28, 2000) ..................................................2

*Kyle v. Apollomax, LLC*,
    No. 12-cv-152-RGA, 2013 WL 5954782 (D. Del. Nov. 1, 2013) ...................................4

*Rockwell Tech., LLC v. Spectra-Physics Lasers, Inc.*,
    2002 WL 531555 (D. Del. March 26, 2002) ...................................................................2

*Sirob Imps., Inc. v. Peerless Ins. Co.*,
    958 F. Supp. 2d 384 (E.D.N.Y. 2013) .............................................................................4

*St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co. Ltd.*,
    291 F.R.D. 75 (D. Del. 2013) ..........................................................................................1

*UbiquiTel Inc. v. Sprint Corp.*,
    No. CIV. A. 1489-N, 2006 WL 44424 (Del. Ch. Jan. 4, 2006) ......................................4

**Rules and Statutes**

L.R. 7.1.3(c) ................................................................................................................................2

Amgen Inc. ("Amgen") submits this sur-reply brief to respond to new arguments that Sun Pharmaceutical Industries Ltd., Sun Pharma Global FZE, and Sun Pharmaceutical Industries, Inc.'s (collectively, "Sun") raised in their Reply Brief in support of their "Motion to Enforce the Parties' Settlement Agreement" (D.I 465). Sun's reply arguments are both untimely and incorrect. To the extent the Court considers Sun's new arguments that the Court has subject matter jurisdiction to decide Sun's motion because Amgen breached the parties' settlement agreement (the "Sun Agreement"), and that the negotiation history supports Sun's contract interpretation, the Court should also consider Amgen's arguments in this brief. *See St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 80 (D. Del. 2013) ("Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments"). Sun's reply argument that Amgen's recent injunction against Piramal (D.I. 462) ███████ ███████ is also incorrect for the reasons set forth in Amgen's Opposition Brief with respect to Amgen's settlement with Teva, and because Amgen has not ███████████████

███████████

I. **SUN'S BREACH OF CONTRACT ARGUMENTS ARE UNTIMELY**

Sun did not allege breach of contract in its Opening Brief. Instead, it asked the Court to declare that, ███████████████████████████████████████████████████████████████████████████████████████████████████ As explained in Amgen's Opposition Brief, Sun did not cite any authority or plead any facts to support the Court's jurisdiction over its motion in its Opening Brief. (D.I. 436.) For the first time in its Reply Brief, Sun argued that the Court has subject matter jurisdiction to decide its motion because Amgen allegedly breached the Sun Agreement. (D.I. 465.) But the conduct that Sun alleges was a "breach," ███████████████

1

███████████████████,[1] occurred long before Sun filed its Opening Brief. This Court's local rules expressly prohibit "reserv[ing] material for the reply brief which should have been included in a full and fair opening brief." D. Del. L.R. 7.1.3(c). Sun's conduct "amounts to impermissible 'sandbagging.'" *Rockwell Tech., LLC v. Spectra-Physics Lasers, Inc.*, 2002 WL 531555, at *3 (D. Del. March 26, 2002) (citing *Jordan v. Bellinger*, 2000 U.S. Dist. LEXIS 19233, at *18 (D. Del. April 28, 2000)). Thus, Sun's argument that Amgen breached the Sun Agreement is untimely and the Court should not consider it. *See id.* (refusing to consider new arguments raised for first time in reply brief); *Jordan*, 2000 U.S. Dist. LEXIS 19233, at *18 (same).

## II. SUN'S UNTIMELY REPLY ARGUMENTS DO NOT GIVE RISE TO SUBJECT MATTER JURISDICTION

In addition to being untimely, Sun's arguments are also incorrect. Even if the Court considers Sun's new arguments, those arguments do not remedy Sun's failure to identify a ripe controversy over which this Court has jurisdiction. Sun first insists that Amgen *has* breached the Agreement by ███████████████████ (D.I. 465 at 1, 2.) But tellingly, Sun points to no provision of the contract that ███████████████████ ███████████. Instead, the agreement provides ███████████████████ ███████████████████████████████████████ If Sun claims that ███████████ ███████████████████████████████████████████████████████ ███████████. But Amgen's mere statement that ███████████████████

---

[1] On page 1 of its Reply Brief, Sun cites to ███████████████████ ███████████████████████████████████████████████████████ ███████████ This letter ███████████████████████████████. Amgen believes that Sun was referring to ███████████████████████████████ ███████████████████.

2

███████████████████████████, are simply proffered interpretations of the contract, not breaches, regardless of which party is correct.

In the absence of any current breach, Sun next tries to defend its motion to enforce the settlement agreement as akin to a declaratory judgment action that can be brought to clear a "cloud" over Sun's rights. (D.I. 465 at 1.) This fails on two grounds. First, even if Sun could establish a ripe controversy based on Amgen's anticipated future actions, it could not invoke this Court's retention of jurisdiction to *enforce* the agreement to simply declare its rights under the agreement. "Enforcement" is the "act or process of compelling compliance with an . . . agreement." Black's Law Dictionary 569 (8th ed. 2004). As Sun explains it, it seeks not to compel action from Amgen, but simply to "establish that ███████████." (D.I. 465 at 1.) This request for advice from the Court on whether its rights under the settlement agreement are triggered is not a proper motion to enforce.

Second, even if Sun could bring a declaratory judgment action under the guise of a motion to enforce, there is no ripe controversy here, where Sun continues to fail to even allege that it is ready and able to launch its generic product. Sun's Reply Brief is revealing on this point. Sun acknowledges but does not meaningfully dispute Amgen's statement that "it is unclear if Sun will ever sell a Generic Cinacalcet Product in the United States, let alone that it would do so immediately if this Court were to advise that it would not face contract liability if it ████████████████████████████████████████████ (D.I. 465 at 3.) Instead, it states that "To the contrary, Amgen has made clear it disagrees that ████████████████████████████." (*Id.*) That statement, far from contesting the reality that there is *no evidence or allegation* that Sun would launch immediately if it received a favorable advisory opinion, instead re-emphasizes why there is no ripe case or controversy here:

because Sun's only dispute with Amgen is over the meaning of the settlement agreement, *not* over an imminent sale Sun plans to make. Thus, there is no case or controversy.

### III. AMGEN DID NOT BREACH THE SUN AGREEMENT

Sun argues without support that Amgen breached the Sun Agreement by . Amgen's actions were not a breach of the Sun Agreement. "The elements for a breach of contract claim under Delaware law are: '(1) a contractual obligation; (2) a breach of that obligation by the defendant; and (3) resulting damage to the plaintiff[ ].'" *Kyle v. Apollomax, LLC*, No. 12-cv-152-RGA, 2013 WL 5954782, at *2 (D. Del. Nov. 1, 2013) (quoting *Greenstar, LLC v. Heller*, 814 F.Supp.2d 444, 450 (D. Del. 2011). In its Reply Brief, Sun does not, and indeed cannot, point to any obligation in the Sun Agreement that Amgen has breached. Sun cites nothing in support of its argument that Amgen breached the Sun Agreement by

Without a breach, Sun's motion fails. Although this Court retained jurisdiction to enforce the parties' settlement agreement, Sun cites no authority in support of the proposition that this Court has the power to "enforce" the Sun Agreement against Amgen where Amgen has not breached any obligation imposed upon it thereunder.

### IV. SUN'S NEGOTIATION HISTORY ARGUMENTS ARE UNTIMELY AND INCORRECT

Sun's Opening Brief did not mention the negotiation history of the Sun Agreement. In its Reply Brief, after Amgen presented evidence that the position Sun now is taking ,[2] Sun now argues that these negotiations support its

---

[2] As stated in Amgen's Opposition Brief, the Sun Agreement's terms are clear that . However, to the extent the Court finds the terms ambiguous, the negotiation history of the agreement shows that Sun's motion should be denied.

4

interpretation. Sun's new argument, which should have been raised in its Opening Brief, should be disregarded.

In addition to being untimely, Sun's argument mischaracterizes the negotiation history. Sun failed in its efforts to ████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████ Sun's counsel explained at that time ████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████.

But Amgen ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████. It cannot now ask the Court to rewrite the agreement and give it rights that it knowingly negotiated away.

Sun's Reply Brief does not change the conclusion that ████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████. Sun's citation to the Sun Agreement to ███████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████.

5

### V. AMGEN'S INJUNCTION AGAINST PIRAMAL DOES NOT ███████████

Sun also argues for the first time in its Reply that Amgen's recent injunction against Piramal (D.I. 462) ████████████ because it ████████████████████████████ ████. (D.I. 465). Sun's argument is incorrect for the same reasons that Amgen's settlement with Teva ████████████████, and for the additional reason that the injunction against Piramal does not ████████████████████████. Amgen's patent infringement claims regarding Piramal's generic product remain pending.

### VI. CONCLUSION

In sum, Sun's new arguments are untimely and incorrect. There are no grounds for Sun's motion to enforce the settlement agreement, or for Sun's request for discovery, and both should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Amgen Inc.*

OF COUNSEL:

John D. Murnane
Joshua I. Rothman
Alicia A. Russo
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

Wendy A. Whiteford
Lois M. Kwasigroch
Eric M. Agovino
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

April 29, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 30, 2019, upon the following in the manner indicated:

| | |
|---|---|
| Dominick T. Gattuso, Esquire<br>HEYMAN ENERIO GATTUSO & HIRZEL LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE  19801<br>*Attorneys for Defendants Sun Pharmaceutical Industries, Ltd., Sun Pharma Global FZE and Sun Pharmaceutical Industries, Inc.* | *VIA ELECTRONIC MAIL* |
| D. Clay Holloway, Esquire<br>Mitchell G. Stockwell, Esquire<br>Courtney S. Dabbiere, Esquire<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street NE, Suite 2800<br>Atlanta, GA  30309-4528<br>*Attorneys for Defendants Sun Pharmaceutical Industries, Ltd., Sun Pharma Global FZE and Sun Pharmaceutical Industries, Inc.* | *VIA ELECTRONIC MAIL* |
| Kasey E. Koballa, Esquire<br>KILPATRICK TOWNSEND & STOCKTON LLP<br>607 14th Street, NW, Suite 900<br>Washington, DC  20005-2018<br>*Attorneys for Defendants Sun Pharmaceutical Industries, Ltd., Sun Pharma Global FZE and Sun Pharmaceutical Industries, Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Derek J. Fahnestock*
_____
Derek J. Fahnestock (#4705)