IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 16-853 (MSG) |
| ) | CONSOLIDATED |
| AMNEAL PHARMACEUTICALS LLC, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**AMGEN'S NOTICE OF RULE 30(b)(6) DEPOSITION OF DEFENDANT
PIRAMAL HEALTHCARE UK, LIMITED**

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, commencing on a date and at a time to be determined, at the offices of Venable LLP, 1290 Avenue of the Americas, New York, NY 10104, or at such other place as otherwise agreed to in writing by counsel, Plaintiff Amgen Inc. ("Amgen") will take the testimony by deposition upon oral examination of Defendant Piramal Healthcare UK, Limited ("Piramal"), which shall designate one or more officers, directors, managing agents or other persons who consent to testify on Piramal's behalf concerning information reasonably available to them (including without limitation information in the possession of their affiliates) regarding the topics of examination specified in the attached Schedule A. Piramal is requested to provide in writing no later than ten (10) business days prior to the deposition, the name(s) and title(s) of the person(s) who will testify on Piramal's behalf concerning the topics of examination specified in the attached Schedule A, particular matter(s) as to which those person(s) will testify, and all documents not previously produced that are responsive to the topics of deposition.

Amgen serves this Notice without waiver of any objections to the deficiencies in Piramal's document production and other discovery responses concerning the subject matter

described in Schedule A, and reserves the right to continue this deposition as necessary in light of any subsequent document production and other discovery responses by Piramal.

The examination will be conducted before a person duly authorized to administer oaths, and shall be recorded by audio, video, and/or stenographic means and will continue from day-to-day until completed.

You are invited to attend and cross-examine.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Amgen Inc.*

OF COUNSEL:

John D. Murnane
Joshua I. Rothman
Alicia A. Russo
VENABLE LLP
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2100

Wendy A. Whiteford
Lois M. Kwasigroch
Eric Agovino
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

July 10, 2020

## SCHEDULE A

## DEFINITIONS

1. Plaintiff incorporates by reference the Definitions set forth in Plaintiff's First Set of Requests to Piramal for the Production of Documents and Things dated August 17, 2017.

2. The "Cipla Case" means *Cipla Ltd. and Cipla USA, Inc. v. Amgen Inc.*, case number 1:19-cv-00044.

## TOPICS

**TOPIC NO. 1:**

Any sales of cinacalcet hydrochloride lost by Defendant as a result of the injunction pending appeal (D.I. 462), and any profits lost by Defendant as a result of those lost sales, and the identification of any documents related thereto and any person with knowledge thereof.

**TOPIC NO. 2:**

The sales of Defendant's ANDA Products in the United States from the date first sold to the present, including the identification of each product sold by number, SKU, or any other applicable identifier, and the monthly number of units sold, price of product sold by Slate Run Pharmaceuticals, LLC ("Slate Run"), gross sales Slate Run invoiced to its customers, any deductions from the gross sales Slate Run invoiced to its customers, the transfer price Slate Run paid Defendant, gross sales Slate Run invoiced to its customers, the cost of goods sold, and total gross and net revenues for each product.

**TOPIC NO. 3:**

The monthly, annual, and total revenues derived from and the costs attributed to the sales described in Topic No. 2.

**TOPIC NO. 4:**

Contracts concerning the manufacture, sale, marketing, and/or distribution of Defendant's ANDA Products between Defendant and each and every third party with which Defendant has such a contract, including but not limited to any amendments, modifications, or other change documents to such contracts to address other generic entry into commercial competition with Defendant's ANDA Products, including, but not limited to, contracts with Slate Run entitled Mutual Confidentiality and Non-Disclosure Agreement effective August 8,2015 and the License, Manufacturing and Distribution Agreement effective April 3, 2017, wholesale customers, retail customers, group purchasing organizations, and third party formularies.

**TOPIC NO. 5:**

The role of Slate Run in the manufacturing, marketing, distribution, and/or sale of Defendant's ANDA Products, and how Slate Run was compensated for such role by the Defendant.

**TOPIC NO. 6:**

The market in which Defendant's ANDA Product competes and the market share Defendant expected to capture, including, but not limited to, any documents regarding the products and/or companies identified as competitors for Defendant's ANDA Products, information from data aggregators, competitive intelligence, market studies, marketing plans, marketing studies, and surveys which provide information regarding the competitors for Defendant's ANDA Product.

**TOPIC NO. 7:**

Communications between the Defendant, Slate Run, and their customers, including, but not limited to, communications concerning Defendant's ANDA Product inventory, when Defendant's ANDA Products were sold, and when Defendant's ANDA Products were not sold.

**TOPIC NO. 8:**

The anticipated and/or actual impact(s) on Defendants of the launch of other generic cinacalcet hydrochloride products, including, but not limited to, a generic cinacalcet hydrochloride product authorized and/or launched at-risk by other generics, all actions contemplated or undertaken by Defendant to avoid any negative impacts, and all actions contemplated or undertaken by Defendant to gain, maintain, or increase market share.

**TOPIC NO. 9:**

Any decision concerning the sale of Piramal's ANDA Product before Amgen's claim of infringement against Piramal was fully adjudicated.

**TOPIC NO. 10:**

Strategies considered or implemented by Defendant to minimize the negative financial impact to Defendant of the launch of other generic cinacalcet products, including but not limited to changes to the pricing of Defendant's ANDA Product, marketing strategy, and launch date of Defendant's ANDA Product.

**TOPIC NO. 11:**

The impact(s) on Defendants and other generic cinacalcet hydrochloride manufacturers of a decision in the Cipla Case in favor of Cipla Ltd. and Cipla USA, Inc. (collectively, "Cipla"), including, but not limited to, market share, sale strategy, projected or actual sales, revenues, costs, and pricing of generic cinacalcet hydrochloride products.

**TOPIC NO. 12:**

The impact(s) on Defendant's economic prospects if Cipla prevailed in the Cipla Case versus a situation in which Amgen prevailed in the Cipla Case, including, but not limited to, Defendant's market share, sales, revenues, costs, and Defendant's ANDA Product pricing.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 10, 2020, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire<br>David A. Bilson, Esquire<br>PHILLIPS, MCLAUGHLIN & HALL, P.A.<br>1200 North Broom Street<br>Wilmington, DE  19806<br>*Attorneys for Defendant Piramal Healthcare UK Limited* | *VIA ELECTRONIC MAIL* |
| Aaron F. Barkoff, Esquire<br>Alejandro Menchaca, Esquire<br>Rajendra A. Chiplunkar, Esquire<br>MCANDREWS, HELD & MALLOY, LTD.<br>500 West Madison Street, 34th Floor<br>Chicago, IL  60661<br>*Attorneys for Defendant Piramal Healthcare UK Limited* | *VIA ELECTRONIC MAIL* |

/s/ *Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)