IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMGEN INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 16-853 (MSG) |
| | ) | CONSOLIDATED |
| AMNEAL PHARMACEUTICALS LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit 1 will be served

upon Red Oak Sourcing.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com

*Attorneys for Amgen Inc.*

OF COUNSEL:

John D. Murnane
Joshua I. Rothman
Alicia A. Russo
VENABLE LLP
1290 Avenue of the Americas
New York, NY  10104-3800
(212) 218-2100

Wendy A. Whiteford
Lois M. Kwasigroch
AMGEN INC.
One Amgen Center Drive
Thousand Oaks, CA 91320-1789
(805) 447-1000

August 14, 2020

# EXHIBIT 1

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Amgen Inc. | ) |
| *Plaintiff* | ) |
| v. | ) |
| Amneal Pharmaceuticals LLC, et al. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   16-853 (MSG)

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:       Red Oak Sourcing c/o Corporate Trust Company
Corporate Trust Center, 1209 Orange St, Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Exhibit B, attached.

| Place:  By Video | Date and Time:<br>August 31, 2020 or at a date and time agreed upon |
|---|---|

The deposition will be recorded by this method:    Stenography and video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A, attached.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    08/14/2020

*CLERK OF COURT*

OR

_____          /s/ Joshua I. Rothman
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Amgen Inc.,
_____ , who issues or requests this subpoena, are:

Joshua I. Rothman, 1290 Avenue of the Americas, New York, NY 10104, JRothman@venable.com, 212.218.2275.

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 16-853 (MSG)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## EXHIBIT A – DOCUMENT REQUESTS FOR RED OAK SOURCING

## DEFINITIONS

1.      The "Amgen v. Amneal et al. case" means Civil Action No. 16-00853 (D. Del.), entitled *Amgen Inc. v. Amneal Pharmaceuticals LLC, et al.*, and identified in the attached subpoena.

2.      The following definitions are for purposes of the attached subpoena only directed to Red Oak Sourcing in connection with the Amgen v. Amneal et al. case.

3.      "Amgen" means Amgen Inc.

4.      "Cardinal Health" means Cardinal Health and its officers, directors, representatives, employees, agents, partners, corporate parents, subsidiaries, affiliates, predecessors and successors, including any entities or persons acting on behalf of Cardinal Health.

5.      "CVS" means CVS Health Corporation and its officers, directors, representatives, employees, agents, partners, corporate parents, subsidiaries, affiliates, predecessors and successors, including any entities or persons acting on behalf of CVS.

6.       "Red Oak Sourcing" means Red Oak Sourcing and its officers, directors, representatives, employees, agents, partners, corporate parents, subsidiaries, affiliates, predecessors and successors, including any entities or persons acting on behalf of Red Oak Sourcing.

7.      "Slate Run" means Slate Run Pharmaceuticals, LLC (a marketing partner of Piramal), and its officers, directors, representatives, employees, agents, partners, corporate parents, subsidiaries, affiliates, predecessors and successors, including any entities or persons acting on behalf of Slate Run.

8.     "Piramal" means collectively, jointly, and severally Piramal Healthcare UK Limited, and each of their respective officers, directors, representatives, employees, agents, partners, corporate parents, subsidiaries, affiliates, predecessors and successors, including any entities or persons acting on behalf of Piramal Healthcare UK Limited.

9.     "ANDA" means Abbreviated New Drug Application, as used in 21 U.S.C. § 355(j) and all regulations issued by the FDA pursuant thereto.

10.    "Piramal's ANDA" means ANDA No. 210207 and any amendments thereto.

11.    "Piramal's ANDA Products" means the Cinacalcet hydrochloride oral tablets, 30 mg, 60 mg and 90 mg dosage strengths, which are the subject of Piramal's ANDA.

12.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

13.    The term "concerning" means in any way, directly or indirectly, regarding, considering, constituting, covering, defining, describing, involving, underlying, modifying, amending, confirming, mentioning, endorsing, recording, evidencing, pertaining to, referring to, reflecting, relating to, representing, supporting, qualifying, terminating, revoking, canceling, negating, or having any connection with the matter discussed.

14.    The terms "and" and "or" shall be interpreted liberally as conjunctive, disjunctive, or both so that the fullest disclosure of information is achieved.

15.    The term "all" means all and each and the term "each" means each and all so that the fullest disclosure of information is achieved.

16.     The singular includes the plural and the plural includes the singular so that the fullest disclosure of information is achieved.

## INSTRUCTIONS

1.     Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Red Oak Sourcing is requested to respond within 14 days from the date of service of this subpoena.

2.     These discovery requests shall be deemed continuing, requiring Red Oak Sourcing to serve supplemental answers and documents and things promptly if Red Oak Sourcing obtains additional documents and things at any time between the time of the initial production and the time of hearing or trial.

3.     If Red Oak Sourcing has a good faith objection to any request or any part thereof, the specific nature of the objection and whether it applies to the entire request or to a part of the request shall be stated.  If there is an objection to any part of a request, then the part objected to shall be identified and documents responsive to the remaining unobjectionable part of the request shall be produced.

4.     Each request shall be answered on the basis of Red Oak Sourcing's entire knowledge, from all sources, after an appropriate good faith inquiry has been made and a search has been conducted.

5.     If Red Oak Sourcing withholds information on the grounds of attorney-client privilege, work product immunity or any other privilege or immunity, Red Oak Sourcing must identify the nature of the privilege which is being claimed, and if the privilege is being asserted in connection with a claim or defense governed by state law, set forth the state privilege rule being invoked; and must provide:

        (a)     the type of document, *e.g.*, letter or memorandum;

3

     (b)     the general subject matter of the document;

     (c)     the date of the document; and

     (d)     such other information as is sufficient to identify the document, including where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and where not apparent, the relationship of the author, addressees, and recipients to each other.

6.     If Red Oak Sourcing contends that information responsive to any discovery request is incomplete, then Red Oak Sourcing must provide all responsive information of which Red Oak Sourcing is now aware.

7.     For any document requested herein that has been destroyed, transferred or lost, Red Oak Sourcing shall identify the document and provide a brief explanation of the circumstances (e.g. when, how, by whom, and why) surrounding the document's destruction, transfer or loss, and any and all records pertaining to its destruction, transfer or loss.

8.     If Red Oak Sourcing or Red Oak Sourcing's attorneys know of the existence, past or present, of any document or thing called for in a request, but such document or thing is not presently in Red Oak Sourcing's possession, custody, or control or in the possession, custody, or control of its agents, representatives or attorneys, Red Oak Sourcing shall so state in response to the request, identify such document or thing in response to the request and identify the individual in whose possession, custody, or control the document or thing was last known to reside.

9.     Documents and things must be produced as they are maintained in the normal course of business and:

     (a)     all associated file labels, file headings thereon and file folders shall be produced together with the responsive documents from each file;

(b)     all documents that cannot be legibly copied shall be produced in their original form; otherwise, Red Oak Sourcing may produce photocopies; and

(c)     each page shall be given a discrete production number.

### REQUESTED DOCUMENTS

1.     All documents and things related to Red Oak Sourcing's involvement in the sale of Piramal's ANDA products to Cardinal Health, CVS, or any other customer or potential customer, including when Red Oak Sourcing was first contacted regarding the sale of Piramal's ANDA products.

2.     All documents and things sufficient to show:

a.     the sale price for each strength of Piramal's ANDA Product sold by Piramal and/or Slate Run to Cardinal Health, CVS, and/or any other customer or potential customer for sale in the United States from the date of first sale to the present;

b.     the number of tablets and bottles of Piramal's ANDA Product sold by Piramal and/or Slate Run to Cardinal Health, CVS, and/or any other customer or potential customer for sale in the United States in relation to each sale price and dates of sale.

3.     All documents and things sufficient to show Red Oak Sourcing's relationship with Piramal, Slate Run, Cardinal Health, CVS, and/or any other customer or potential customer concerning the purchase and sale of Piramal's ANDA Product.

4.     All documents and things sufficient to show how Red Oak Sourcing was compensated related to services it performed concerning Piramal's ANDA products including who compensated Red Oak Sources and how much the compensation was.

5

5.      All documents and things sufficient to show Red Oak Sourcing's past relationship with Piramal and/or Slate Run related to products other than Piramal's ANDA products.

6.      All documents and things concerning negotiations between Piramal and/or Slate run and Cardinal Health concerning the sale and distribution of Piramal's ANDA products and when such negotiations took place.

7.      All documents and things concerning negotiations between Piramal and/or Slate run and CVS concerning the sale and distribution of Piramal's ANDA products and when such negotiations took place.

8.      All documents and things concerning negotiations between Piramal and/or Slate run and any other customer or potential customer concerning the sale and distribution of Piramal's ANDA products and when such negotiations took place.

9.      All documents sufficient to show whether Red Oak Sourcing was involved in other negotiations to sell any other generic form of cinacalcet, besides Piramal's ANDA products, when such negotiations took place, the parties involved in the negotiations, how much was sold and at what price.

10.     All documents and things sufficient to show the market size for cinacalcet hydrochloride products, for both Sensipar® and generics, from December 2018 until April 22, 2020.

# EXHIBIT B

## EXHIBIT B – DEPOSITION TOPICS:

## DEFINITIONS

Amgen Inc. hereby incorporates by reference its definitions in Exhibit A to this subpoena.

## TOPICS

### TOPIC NO. 1:

Red Oak Sourcing's involvement in the sale of Piramal's ANDA products to Cardinal Health, CVS, or any other customer or potential customer, including when Red Oak Sourcing was first contacted regarding the sale of Piramal's ANDA products.

### TOPIC NO. 2:

The sale price for each strength of Piramal's ANDA Product sold by Piramal and/or Slate Run to Cardinal Health, CVS, and/or any other customer or potential customer for sale in the United States from the date of first sale to the present.

### TOPIC NO. 3:

The number of tablets and bottles of Piramal's ANDA Product sold by Piramal and/or Slate Run to Cardinal Health, CVS, and/or any other customer or potential customer for sale in the United States in relation to each sale price and dates of sale.

### TOPIC NO. 4:

Red Oak Sourcing's relationship with Piramal, Slate Run, Cardinal Health, CVS, and/or any other customer or potential customer concerning the purchase and sale of Piramal's ANDA Product.

**TOPIC NO. 5:**

How Red Oak Sourcing was compensated related to services it performed concerning Piramal's ANDA products including who compensated Red Oak Sources and how much the compensation was.

**TOPIC NO. 6:**

Red Oak Sourcing's past relationship with Piramal and/or Slate Run related to products other than Piramal's ANDA products.

**TOPIC NO. 7:**

Negotiations between Piramal and/or Slate run and Cardinal Health concerning the sale and distribution of Piramal's ANDA products and when such negotiations took place.

**TOPIC NO. 8:**

Negotiations between Piramal and/or Slate run and CVS concerning the sale and distribution of Piramal's ANDA products and when such negotiations took place.

**TOPIC NO. 9:**

Negotiations between Piramal and/or Slate run and any other customer/potential customer concerning the sale and distribution of Piramal's ANDA products and when such negotiations took place.

**TOPIC NO. 10:**

Red Oak Sourcing's involvement in other negotiations to sell any other generic form of cinacalcet, besides Piramal's ANDA products, when such negotiations took place, the parties involved in the negotiations, how much was sold and at what price.

**<u>TOPIC NO. 11:</u>**

The market size for cinacalcet hydrochloride products, for both Sensipar® and generics, from December 2018 until April 22, 2020.

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 14, 2020, upon the following in the manner indicated:

| | |
|---|---|
| John C. Phillips, Jr., Esquire | *VIA ELECTRONIC MAIL* |
| David A. Bilson, Esquire | |
| PHILLIPS, MCLAUGHLIN & HALL, P.A. | |
| 1200 North Broom Street | |
| Wilmington, DE  19806 | |
| *Attorneys for Defendant Piramal Healthcare UK* | |
| *Limited* | |
| | |
| Aaron F. Barkoff, Esquire | *VIA ELECTRONIC MAIL* |
| Alejandro Menchaca, Esquire | |
| Rajendra A. Chiplunkar, Esquire | |
| Ben J. Mahon, Esquire | |
| MCANDREWS, HELD & MALLOY, LTD. | |
| 500 West Madison Street, 34th Floor | |
| Chicago, IL  60661 | |
| *Attorneys for Defendant Piramal Healthcare UK* | |
| *Limited* | |

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)