IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 16-925 (MSG) |
| ) | C.A. No. 16-853 (MSG) |
| AMNEAL PHARMACEUTICALS LLC and ) | CONSOLIDATED |
| AMNEAL PHARMACEUTICALS OF ) | |
| NEW YORK, LLC, ) | |
| ) | |
| Defendants. ) | |

## CONSENT JUDGMENT

Plaintiff Amgen Inc. ("Plaintiff") and Defendants Amneal Pharmaceuticals LLC and Amneal Pharmaceuticals of New York, LLC (collectively referred to herein as "Defendants"), the parties in Civil Action No. 16-925-MSG and Civil Action No. 16-853-MSG CONSOLIDATED, have agreed to terms and conditions representing a negotiated settlement of this action and have set forth those terms and conditions in an executed Settlement Agreement (the "Settlement Agreement"). Now the parties, by their respective undersigned attorneys, hereby stipulate and consent to entry of judgment and an injunction in this action as follows:

IT IS this 8th day of September, 2020

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of the above action and has personal jurisdiction over the parties.

2. As used in this Consent Judgment, (i) the term "Defendants' Product" shall mean a drug product sold, offered for sale or distributed pursuant to Abbreviated New Drug Application No. 204364; and (ii) the term "Affiliate" shall mean any entity or person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under common control with

Defendants for purposes of this definition, "control" (a) means ownership, directly or through one or more intermediaries, of (1) more than fifty percent (50%) of the shares of stock entitled to vote for the election of directors, in the case of a corporation, or (2) more than fifty percent (50%) of the equity interests in the case of any other type of legal entity or status as a general partner in any partnership, or (b) any other arrangement whereby an entity or person has the right to elect a majority of the Board of Directors or equivalent governing body of a corporation or other entity or the right to direct the management and policies of a corporation or other entity.

3. Defendants have admitted that Amgen's United States Patent Number 9,375,405, (the "Amgen Patent") is enforceable and valid.

4. In any other or future cause of action or litigation concerning a generic equivalent of Sensipar® tablets covered by New Drug Application No. 21-688, Defendants shall not dispute that the Amgen Patent is enforceable and valid.

5. Defendants have admitted, for themselves and their Affiliates, that the manufacture, use, sale, offer to sell, and distribution of the Defendants' Product in the United States and importation of the Defendants' Product into the United States, would infringe the Amgen Patent.

6. Except to the extent specifically authorized in the Settlement Agreement, Defendants and their Affiliates, including any of their successors and assigns, are enjoined under the Amgen Patent, including any extensions and/or additional periods of exclusivity to which Amgen is or becomes entitled, from infringing the Amgen Patent by making, using, selling, or

offering to sell the Defendants' Product in the United States, or importing the Defendants' Product into the United States.

7. Except as the Parties have otherwise provided in the Settlement Agreement, all claims and demands for relief prayed for by Amgen against Defendants in this action are deemed to be satisfied.

8. Except as the Parties have otherwise provided in the Settlement Agreement, by all claims and demands for relief prayed for by Defendants in this action are deemed to be satisfied.

9. Defendants have agreed that in the event of breach or violation by Defendants of the terms of this Consent Judgment, jurisdiction and venue for an action for a preliminary injunction against such breach or violation exists in this District Court, and Defendants hereby waive any and all defenses based on personal jurisdiction and venue.

10. Compliance with this Consent Judgment may be enforced by Amgen and its successors in interest, or assigns, as permitted by the terms of the Settlement Agreement.

11. This Court retains jurisdiction to enforce and supervise performance under this Consent Judgment and the Settlement Agreement.

12. The above action, including any counterclaims and affirmative defenses, is hereby dismissed without prejudice and without costs, disbursements or attorneys' fees to any party.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | POTTER ANDERSON & CORROON LLP |
| /s/ *Jack B. Blumenfeld* | /s/ *David E. Moore* |
| Jack B. Blumenfeld (#1014) | David E. Moore (#3983) |
| Derek J. Fahnestock (#4705) | Bindu A. Palapura (#5370) |
| 1201 North Market Street | Alan R. Silverstein (#5066) |
| P.O. Box 1347 | Stephanie E. O'Byrne (#4446) |
| Wilmington, DE 19899 | Hercules Plaza, 6th Floor |
| (302) 658-9200 | 1313 North Market Street |
| jblumenfeld@mnat.com | Wilmington, DE 19801 |
| dfahnestock@mnat.com | (302) 984-6000 |
| | dmoore@potteranderson.com |
| *Attorneys for Amgen Inc.* | bpalapura@potteranderson.com |
| | asilverstein@potteranderson.com |
| OF COUNSEL: | sobyrne@potteranderson.com |
| | |
| John D. Murnane | *Attorneys for Defendants Amneal* |
| Joshua I. Rothman | *Pharmaceuticals LLC and Amneal* |
| Alicia A. Russo | *Pharmaceuticals of New York, LLC* |
| VENABLE LLP | |
| 1290 Avenue of the Americas | OF COUNSEL: |
| New York, NY 10104-3800 | |
| (212) 218-2100 | Oren D. Langer |
| | ROBINS KAPLAN LLP |
| Wendy A. Whiteford | 399 Park Avenue, Suite 3600 |
| Lois M. Kwasigroch | New York, NY 10022 |
| Brian Kao | (212) 980-7400 |
| AMGEN INC. | |
| One Amgen Center Drive | Jake M. Holdreith |
| Thousand Oaks, CA 91320-1789 | Kelsey J. McElveen |
| (805) 447-1000 | ROBINS KAPLAN LLP |
| | 800 LaSalle Avenue, Suite 2800 |
| | Minneapolis, MN 55402 |
| | (612)-349-8500 |

SO ORDERED this 8th day of September, 2020.

/s/ Mitchell S. Goldberg
United States District Court Judge

4