**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMGEN INC.,<br><br>Plaintiff,<br><br>v.<br><br>AMNEAL PHARMACEUTICALS LLC, et al.,<br><br>Defendants.<br><br>SLATE RUN PHARMACEUTICALS, LLC,<br><br>Intervenor Plaintiff,<br><br>v.<br><br>AMGEN INC.,<br><br>Intervenor Defendant. | C.A. No. 16-853-MSG<br>(CONSOLIDATED) |

**SLATE RUN PHARMACEUTICALS, LLC'S COMPLAINT IN INTERVENTION**

Intervenor Plaintiff Slate Run Pharmaceuticals, LLC ("Slate Run") by way of Complaint against Counterclaim Intervenor Defendant Amgen Inc. ("Amgen") alleges as follows:

**PARTIES**

1. Slate Run is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 277 West Nationwide Boulevard, Suite 260, Columbus, Ohio 43215. Slate Run markets and distributes generic pharmaceuticals on behalf of generic manufacturers, including Defendant/Counterclaimant Plaintiff Piramal Healthcare UK Limited ("Piramal").

2. On information and belief, Amgen is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Amgen Center Drive, Thousand Oaks, California 91320-1799.

**NATURE OF THE ACTION**

3. Slate Run brings an action for recovery of lost profits suffered by Slate Run during the time it was wrongly enjoined from selling Piramal's generic cinacalcet hydrochloride tablets in the United States.

**JURISDICTION**

4. The Court has jurisdiction over the subject matter of this complaint under 28 U.S.C. §§ 1332, 1352, and/or 1367.

5. The Court has personal jurisdiction over Amgen because Amgen has submitted itself to the jurisdiction of this Court through the filing of its complaint against Piramal.

**BACKGROUND**

6. Slate Run has entered into a License, Manufacturing, and Distribution Agreement ("Agreement") with Piramal, under which Piramal agreed to develop and obtain approval from the U.S. Food and Drug Administration ("FDA") for generic cinacalcet hydrochloride tablets ("Generic Product"), which Slate Run would market and distribute in the United States.

7. As laid out in the Agreement, Slate Run paid Piramal certain milestone payments throughout development and FDA approval of Piramal's Generic Product, Slate Run has the exclusive right to market and distribute Piramal's Generic Product in the United States, Slate Run pays a set cost of goods fee, and the parties split the profits through royalty payments from Slate Run to Piramal.

8. Piramal filed ANDA No. 210207 with the FDA, seeking approval to commercially manufacture, use, sell, and/or import its Generic Product.

9. On June 9, 2017, Amgen filed this Action against Piramal.

10. On information and belief, during discovery, Piramal produced the Agreement to Amgen. Therefore, Amgen has been aware of the commercial partnership between Piramal and Slate Run since at least that time.

11. On July 26, 2018, the Court held that Piramal's cinacalcet product does not infringe Amgen's U.S. Patent No. 9,375,405. (D.I. 375 at 36).

12. On March 6, 2019, Slate Run began selling Piramal's generic cinacalcet tablets in the United States.

13. On March 19, 2019, Amgen filed an Emergency Motion for an Injunction Pending Appeal. (D.I. 430, 431). Amgen's Proposed Order specifically requested that Slate Run, though not technically a party, be enjoined, including the following language:

> Piramal is hereby directed to instruct any entities to whom Piramal has provided such cinacalcet tablets for further distribution or sale (**including Slate Run Pharma** or Cardinal Health US) that any cinacalcet tablets received from Piramal that are still in the possession, custody or control of such receiving entities must not be further distributed, but either be held in storage by such entity or returned to Piramal until the exhaustion of all appeals in this matter.

(D.I. 430 at 4-5) (emphasis added). Amgen's Opening Brief in support of its Motion stated that "Amgen understands that Piramal distributes its products through entities such as Slate Run Pharma and Cardinal Health US." (D.I. 431 at 4 n.1).

14. On April 2, 2019, Piramal filed its Answering Brief in Response to Amgen's Emergency Motion for an Injunction Pending Appeal. (D.I. 447). Piramal acknowledged that Slate Run was Piramal's marketing partner, and stated that both Piramal and Slate Run would submit to an injunction to stop selling Piramal's Generic Product if Amgen posted an appropriate

bond. (*Id.* at 1). However, Piramal noted that it and Slate Run had no control over customers such as Cardinal Health US, and that any injunction should not require a recall of Piramal's Generic Product from the market or affect the ability of any customer, including Cardinal Health US, to sell Piramal's generic cinacalcet tablets that had already been purchased from Slate Run. (*Id.*).

15. Piramal and Slate Run analyzed the cinacalcet market, and provided an estimation of the lost profits the parties collectively would be expected to lose during an injunction lasting until the end of the year. That estimate is laid out in the Declaration of John Fowler. (D.I. 448).

16. Slate Run authorized Piramal to stipulate to an injunction explicitly naming both parties, subject to Amgen's posting of a bond.

17. On April 12, 2019, Amgen filed a proposed Stipulated Order for an injunction, with Amgen to post a bond in the amount of $39,000,000. (*See* D.I. 458).

18. On April 15, 2019, the Court entered the Stipulated Order, which stated that "Piramal and its marketing partner, Slate Run Pharmaceuticals, LLC ('Slate Run;'), are enjoined from selling or offering for sale Piramal's cinacalcet tablets that are the subject of ANDA No. 210207 ('Piramal's Products') until such time as (1) the Court modifies, replaces, or dissolves this Order, (2) a third party launches a generic cinacalcet product following a Federal Circuit opinion affirming the Court's judgment of non-infringement with respect to Piramal's Products, or (3) the Federal Circuit issues a mandate affirming the Court's judgment of non-infringement with respect to Piramal's Products."). (D.I. 462).

19. On May 22, 2019, Amgen filed an Injunction Bond in the amount of $39,000,000. (D.I. 476).

20. On January 7, 2020, the Federal Circuit affirmed this Court's holding that Piramal's ANDA product does not infringe Amgen's U.S. Patent No. 9,375,405. *See Amgen Inc. v. Amneal Pharm. LLC*, No. 2018-2414, Doc. 115 (Fed. Cir. Jan. 7, 2020).

21. On April 15, 2020, the Federal Circuit denied Amgen's Petition for Rehearing. (D.I. 490).

22. On April 22, 2020, the mandate of the Federal Circuit issued. (D.I. 491).

23. Pursuant to the Stipulated Order (D.I. 458), Piramal and Slate Run waited until the Federal Circuit mandate issued before reintroducing Piramal's generic cinacalcet tablets to the United States market.

## **CLAIM FOR RELIEF**

24. Slate Run incorporates and realleges paragraphs 1-23 above, as if set forth specifically here.

25. Slate Run was wrongfully enjoined from selling Piramal's Generic Product from April 15, 2019 to April 22, 2020.

26. But for the wrongful injunction, Slate Run would have sold Generic Product throughout this time period, and profited from those sales.

27. Slate Run is entitled to its lost profits.

## **PRAYER FOR RELIEF**

WHEREFORE, Intervenor Plaintiff Slate Run respectfully requests the following relief:

A. A Judgment that Slate Run was wrongfully enjoined and is entitled to its lost profits.

B. An award of damages to Slate Run in an amount to be proven at trial.

C. Such further and other relief as this Court deems proper and just.

Dated: November 2, 2020

Respectfully submitted,

*/s/ John C. Phillips, Jr.*

John C. Phillips, Jr. (#110)
David A. Bilson (#4986)
PHILLIPS MCLAUGHLIN & HALL, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pmhdelaw.com
dab@pmhdelaw.com
*Attorneys for Intervenor Plaintiff Slate Run Pharmaceuticals, LLC*