IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civ. No. 16-853-MSG |
| : | CONSOLIDATED |
| AMNEAL PHARMACEUTICALS LLC, : | |
| et al., : | |
| : | |
| Defendants. : | |
| : | |

# ORDER

Currently pending are four motions to seal or redact certain trial exhibits. The motions have been filed by non-party Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., and Actavis Pharma, Inc. (collectively, "Teva") (D.I. 678); non-party Cipla USA, Inc. and Cipla Ltd. (collectively, "Cipla") (D.I. 680); Amgen on behalf of non-party Aurobindo Pharma Ltd. and Aurobindo Pharma USA, Inc. (collectively "Aurobindo") (D.I. 681); and Defendant Piramal Healthcare UK Ltd. ("Piramal") and Intervenor Slate Run Pharmaceuticals, LLC ("Slate Run") (D.I. 684). Given the technical and detailed nature of evaluating these motions, I have determined that written answers to the following questions will assist in determining whether sealing/redacting is appropriate.

**NOW**, this 26th day of July, 2021, it is **HEREBY ORDERED** that the Movants shall respond in writing to the following questions and instructions by August 17, 2021:

1. Slate Run seeks to redact from PSR063 the payment terms for a customer. Are these payment terms standard or customized? Who could use this information to harm Slate Run and how would they use it? Provide case law, if any, regarding sealing of customer payment terms.

2. Teva seeks to seal PSR066 and PSR067. Please describe the contents of these documents. Provide case law, if any, indicating that courts will keep this type of information under seal.

3. Cipla seeks to seal PSR069 and PSR070. Please describe the contents of these documents. Provide case law, if any, indicating that courts will keep this type of information under seal.

4. Piramal seeks to redact from PSR011, also submitted as PTX713, the Company's manufacturing and launch schedule for cinacalcet. Who could use this information to harm Piramal and how would they use it, particularly since cinacalcet has already launched? Provide case law, if any, regarding sealing of manufacturing and launch schedules.

5. In various exhibits (*see*, *e.g.*, PSR051, PSR106), different Movants seek to redact the quantity of product sold to a customer. Who could use this information to harm the movant, and how would they use this information, and what specific harm would result? Provide case law, if any, regarding sealing as to the quantity of product sold—as opposed to pricing or other financial terms.

6. Piramal and Slate Run's brief discuss redacting exhibits not listed in its proposed order or included in the exhibit showing its proposed redactions. *See*, *e.g.*, D.I. 685 (discussing PSR051, PSR052, PSR105, PSR107, PTX640); *see also* D.I. 684-1, D.I. 689-1, D.I. 689-2. Piramal and Slate Run should update the proposed order to list all of the exhibits it is asking the Court to consider and submit any missing exhibits showing the proposed redactions.

7. Slate Run has proposed redactions for PTX696 and described the proposed redactions in its brief as net sales and gross margins to date; projected lost sales to specific customers; the selling price, costs of goods, and volume of such lost sales; resulting lost profits owing to the injunction; market strategies related to specific cinacalcet customers; and market

strategies relaunch of the cinacalcet product post-injunction. (D.I. 685 at 11). But the only proposed redaction shown in the exhibit of proposed redactions is the bond amount on page 30 of 30. (See D.I. 689-2 at Tab 32A). When PTX696 was submitted as a trial exhibit, it already had extensive redactions. If the information described in the brief was already redacted when the exhibit was submitted, then that information is not a part of the judicial record, and Slate Run does not need to move to keep the redactions. Please advise whether Slate Run has inadvertently moved to redact information that was not a part of the judicial record or whether D.I. 689-2 at Tab 32A is missing proposed redactions. If the latter, please submit a revised exhibit showing the proposed redactions.

8. Slate Run has proposed to redact the bond amount shown on PTX696, page 30 of 30. But this same information appears on page 7 of 30. Please inform the Court how it should handle this inconsistency. In addition, who could use the bond amount to harm Slate Run and how would they use it? Provide case law, if any, indicating that courts have agreed to keep this information under seal.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**