

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0709
nhoeschen@shawkeller.com

August 17, 2021

**BY CM/ECF**
The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

      Re:    *Amgen Inc. v. Amneal Pharmaceuticals LLC, et al.,*
             C.A. No. 16-853-MSG

Dear Judge Goldberg:

      We write on behalf of non-parties Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., and Actavis Pharma, Inc. (collectively, "Teva"), in response to the Court's Order, dated July 26, 2021 (D.I. 694) (the "Order"), requesting additional information in connection with Teva's motion to file certain trial exhibits under seal (D.I. 678) (the "Motion").

      In the Motion, Teva requested that (1) PTX830; (2) PSR-068; (3) PSR-066 (4) PSR-067; (5) PSR-108; and (6) PTX662 be filed under seal. The Order asks, first, that Teva "describe the contents of [PSR-066 and PSR-067]" and "[p]rovide case law, if any, indicating that courts will keep this type of information under seal." Order ¶ 2. PSR-066 and PSR-067 are spreadsheets that contain highly confidential information regarding, among other things: (i) the identity of customers to whom Teva sold its generic cinacalcet product; (ii) the quantity of product that Teva sold; (iii) the price at which Teva sold the product; and (iv) chargebacks or rebates that Teva provided to its customers in connection with these sales. Disclosure of this information would provide competitors in the pharmaceutical industry with access to confidential and proprietary data, from which they could deduce profit margins and adjust their marketing and pricing strategies to weaken Teva's competitive position in the marketplace. Moreover, such disclosure could also result in harm to the competitiveness of the marketplace as a whole.

      Courts have repeatedly held that the type of information contained in PSR-066 and PSR-067 warrant sealing. In *Bracco Diagnostics, Inc. v. Amersham Health Inc.*, the court considered motions to seal cost and profit information and customer sales information. The court granted the requests to seal, holding that "it is in the best interest of corporations to keep cost and profit information sealed from the public and their competitors, to ensure their competitiveness in the marketplace." No. CIVA 3-6025 (FLW), 2007 WL 2085350, at *5 (D.N.J. July 18, 2007); *see also id.* at *6 ("[I]t is important for [the company] to keep customer sales information private to remain competitive in the marketplace."). In its decision, the court cited several concerns, including the risk that the company's competitors could "use that information to set their own prices to the detriment of [the company], to customers in general, and to competition as a whole." *Id.* at *5. So too, here. Disclosure of information related to the volume and price at

which Teva sells its generic cinacalcet could allow Teva's "profit margins [to] be deduced" by competitors to the detriment of the marketplace as a whole. *Id.* at *6.

Similarly, in *Boehringer Ingelheim Pharma GmbH & Co. KG v. Mylan Pharms., Inc.*, the court considered motions to seal materials filed in the context of a patent infringement case. There, the court noted the "highly competitive nature of the pharmaceutical industry," and held that sealing of financial data, including "sales and revenue" information was warranted because of the risk of "serious commercial injury if such information became available to the public." No. CIV. 14-4727 (NLH/KMW), 2015 WL 4715307, at *2 (D.N.J. Aug. 7, 2015). The same risk presents itself here. Disclosure of Teva's customer base, or "financial data, including sales and revenue," would allow "competitors [] access to [Teva's] sensitive proprietary technical and business information and strategies," and Teva's "competitive position in the marketplace could be seriously impaired" as a result. *Id.*; *see also Salix Pharms., Inc. v. Novel Lab'ys, Inc.*, No. CV 08-4628 (FLW), 2010 WL 11715036, at *2 (D.N.J. Jan. 28, 2010) (granting motion to seal where "Plaintiffs would suffer a clearly defined and serious injury if the identified documents are not sealed because competitors could unfairly use the information consisting of the non-public confidential business, financial, and sales information to gain a competitive advantage in the marketplace, thus placing Plaintiffs at a significant competitive disadvantage . . . .").

The Order further requests that Teva explain why information related to the "quantity of product sold to a customer" must be sealed, and in particular, "[w]ho could use this information to harm [Teva], and how would they use this information, and what specific harm would result?" Order ¶ 5. As discussed above, information related to the quantity of product sold to customers could be used by Teva's competitors to determine Teva's "profit margins" (*see Bracco*, 2007 WL 2085350, at *6), or its "market share" more generally (*see Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 510 (D. Del. 2012)). The quantity of product sold to particular customers also reveals Teva's key client base, including the relative demand for product from each customer. Disclosure would allow competitors to adjust their marketing strategies and target audience to weaken Teva's relationship with these clients. Indeed, the amount of product that Teva sells is a critical component of Teva's overall sale and marketing strategies, which, if disclosed, could harm Teva's position in the marketplace and weaken competition as a whole. *See Boehringer*, 2015 WL 4715307, at *2. Thus, Teva respectfully requests that the Court seal this information, particularly where it is "largely incidental to the substantive issues in this case." *Mosaid*, 878 F. Supp. 2d at 510.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc:   All Counsel of Record (via CM/ECF & Email)