IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> AMNEAL PHARMACEUTICALS LLC, : <br> et al., : <br> : <br> Defendants. : <br> : | Civ. No. 16-853-MSG <br> CONSOLIDATED |

## MEMORANDUM ORDER

On February 24, 2021, the Court held a telephonic pre-trial conference regarding an upcoming bench trial. (D.I. 629). Intervenor Slate Run Pharmaceuticals, LLC ("Slate Run") has now filed a motion to seal and redact the transcript from that conference. (D.I. 650).

There is a well-established presumption under federal common law that the public has a right to inspect and copy judicial records. *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 343 (3d Cir. 1986); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984). A party seeking to overcome the presumption bears the burden of showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mrktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d. Cir. 2019). For example, "courts may deny access to judicial records … where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

In the pending motion, Slate Run seeks to redact two types of information: (1) the fact that Slate Run has an investor, and (2) the name of that investor.

Slate Run has failed to show that it would suffer a clearly defined and serious injury to its competitive standing for the public to know that the Company has an investor. Indeed, it is difficult to imagine how such a fact could cause an injury when the presence of an investor in a business is fairly common. Slate Run itself recognized the weakness of its position when it took the sensible approach and revealed the existence of the investor in the public version of an unrelated filing. (*See* D.I. 690 at 1 (discussing the desire to keep "the identity of [Slate Run's] investor private")).

On the flip side, Slate Run has carried its burden in showing that the name of this particular investor should be kept confidential given that: (1) the details of the relationship between Slate Run and its investor was not relevant to the issues in this dispute (*see*, *e.g.*, D.I. 623; D.I. 624); and (2) revealing the name of this particular investor would significantly harm Slate Run's ability to compete for and negotiate future business contracts with customers.

**NOW**, this 10th day of September, 2021, it is **HEREBY ORDERED** that:

1. Slate Run's Motion to Seal and Redact Transcript (D.I. 650) is **GRANTED IN PART** and **DENIED IN PART**;

2. The transcript of the February 24, 2021 teleconference (D.I. 629) shall placed **UNDER SEAL**; and

3. Slate Run shall file a **PUBLIC-REDACTED VERSION** of the transcript that redacts the specific identify of the investor (*see*, *e.g.*, D.I. 650-3 at 13:12) but not the existence of the investor (*see*, *e.g.*, *id*. at 8:14-18).

                                                     **BY THE COURT:**

                                                  */s/ Mitchell S. Goldberg*
                                                  **MITCHELL S. GOLDBERG, J.**