IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMGEN INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> AMNEAL PHARMACEUTICALS LLC, : <br> et al., : <br> : <br> Defendants. : <br> : | Civ. No. 16-853-MSG <br> CONSOLIDATED |

## MEMORANDUM ORDER

On September 10, 2021, I issued a Memorandum Opinion and Order (hereinafter, "Sealing Order") that, among other things, denied-in-part a Motion to Seal filed by Cipla USA, Inc. and Cipla Ltd. (collectively, "Cipla"). (D.I. 702; D.I. 703). Currently pending before me is a letter from Cipla asking me to reconsider that ruling. (D.I. 705).

**Background**. In March 2021, I held a two-day bench trial to determine the amount of damages that Defendants Piramal Healthcare UK Ltd. ("Piramal") and Intervenor Slate Run Pharmaceuticals ("Slate Run") should recover from a security bond posted by Plaintiff Amgen Inc. ("Amgen"). After the trial, non-party Cipla moved to seal some of its documents used as exhibits at the trial. (D.I. 680). Cipla's motion was one of four motions to seal filed by parties and non-parties (collectively, the "Movants"). (*See* D.I. 678; D.I. 681: D.I. 684).

Given the exacting standard for sealing judicial records, on July 26, 2021, I issued an order asking the Movants to respond to specific questions regarding their documents (hereinafter, "Clarification Order"). (D.I. 694). For Cipla, the Clarification Order asked it to describe the contents of PSR069 (also submitted as PTX637) and PSR070 (also submitted as PTX645) and provide precedent indicating that courts agreed to keep this type of information under seal. (*Id*. at

694 ¶ 3). The contents of the particular data spreadsheets that Cipla requested be sealed or the purpose they served was not obvious from the limited hard-copy selection that had been provided as a trial exhibit. (D.I. 702 at 8). Unlike the other Movants, Cipla failed to respond to the Clarification Order. As a result, I denied Cipla's motion to seal these four data spreadsheets. (D.I. 702 at 8).

On September 13, 2021, Cipla filed a letter with the Court requesting that I reconsider the portion of my order denying Cipla's motion to seal the data spreadsheets. (D.I. 705). Cipla states that "[it] did not realize that it was not receiving ECF notices after filing Cipla's Motion, and inadvertently missed the Court's July 26, 2021 order seeking further information to seal the requested documents." (*Id*. at 1). Cipla further explained that the data spreadsheets contain Cipla's sales information for its generic cinacalcet product ("the Cipla product"). (*Id*. at 2).

**Legal Standard**. Local Rule 7.1.5 allows litigants to file motions for re-argument but states that such motions "shall be sparingly granted." Del. R. 7.1.5. The decision to grant a motion for re-argument or reconsideration is squarely within the discretion of the district court. *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 2745723, at *1 (D. Del. July 1, 2019). Motions for re-argument are granted only when the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998). Reconsideration may be granted if the movant can show an intervening change in controlling law, new evidence not available when the court made its decision, or a need to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, 2009 WL 5195928, at *1 (D. Del. Dec. 30, 2009). Motions for reargument or reconsideration should not be granted if the "proponent

simply rehashes materials and theories already briefed, argued and decided." *Schering*, 25 F. Supp. at 295.

**Discussion**.  I will exercise my discretion in favor of granting Cipla's motion for reconsideration in order to prevent a manifest injustice.  As Cipla explained in its motion, the data spreadsheets contain highly confidential information concerning: (1) the names of customers that purchase the Cipla product; (2) the contract price at which Cipla sells the Cipla product to each customer; (3) the quantity of the Cipla product sold to each customer; (4) the chargebacks, rebates, and discounts provided to each customer on these sales; (5) Cipla's net sales of the Cipla product; and (6) Cipla's manufacturing costs and sales margin on the Cipla product.  (D.I. 705 at 2).  I previously granted other Movant's motions to seal this same type of information because disclosure would work a clearly defined and serious injury to the party seeking closure and it is the kind of information that courts will protect.  (*See* D.I. 702 at 2-6 (citing *In re Avandia Mrktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d. Cir. 2019)).

**NOW**, at Wilmington this 18th day of October, 2021, it is **HEREBY ORDERED** that:

1. Cipla's Motion for Reconsideration (D.I. 705) is **GRANTED;**

2. The portion of the Sealing Order denying Cipla's Motion to Seal (D.I. 703 ¶ 2(b)) is **VACATED**;

3. Cipla's Motion to Seal PSR069, PSR070, PTX637, and PTX645 (D.I. 680) is **GRANTED**.

*/s/ Mitchell S. Goldberg*
The Honorable Mitchell S. Goldberg
United States District Judge