IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AMGEN INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 16-853-MSG |
| | : | CONSOLIDATED |
| AMNEAL PHARMACEUTICALS LLC, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Between March 24 and 25, 2021, I held a two-day bench trial on the amount of damages that Defendant Piramal Healthcare UK Ltd. ("Piramal") and Intervenor Slate Run Pharmaceuticals, LLC ("Slate Run") should recover from an injunction bond posted by Plaintiff Amgen Inc. ("Amgen"). Currently pending before me is Slate Run's Motion to Seal Portions of the Trial Transcript. D.I. 676.

**Legal Standard.** There is a well-established presumption under federal common law that the public has a right to inspect and copy judicial records. *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 343 (3d Cir. 1986); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066 (3d Cir. 1984). To overcome the presumption of access, a movant must show that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mrktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d. Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

**Discussion.** I have divided Slate Run's proposed redactions into two groups and address each group separately. In the first group, Slate Run seeks to redact its own confidential information (hereinafter, "Slate Run Information"). Specifically, Slate Run seeks to redact the following information:

- The identity of a Slate Run Investor. *See* D.I. 676-2, Ex. B at 130-132, 135:9-24, 138-139, 147-150, 155, 190-194, 196-199, 217, 307-308, 358, 360, 400-404.

- Market share percentages for cinacalcet manufacturers. *See id.* at 395, 398.

- Financial data including prices, net sales, cost of goods, gross margins, and contract payment terms. *See id.* at 157, 310-312, 351-352, 397, 406.

In an earlier order, I granted Slate Run's motion to seal or redact certain trial exhibits containing the same types of information. *See* D.I. 702 at 2-7, 11-12. Consistent with that opinion, and for the same reasons, I will grant Slate Run's motion to redact the information in this first group.

In the second group, Slate Run seeks to redact information pertaining to third-parties Fresenius, CVS, Teva, and Cipla (hereinafter, "Third-Party Information").[1] The Third-Party Information was disclosed at trial to support or refute Piramal and Slate Run's damages theories. To determine the proper amount of damages, I had to determine what would have happened in a hypothetical "but-for" world where Piramal and Slate Run were not enjoined from selling generic cinacalcet. D.I. 702 at 5. In the real world, Fresenius purchased ~69,000 bottles of generic cinacalcet manufactured by Teva on April 17, 2019, and CVS purchased generic cinacalcet manufactured by Cipla starting around August 2019. *Id.* at 7, 13. Piramal and Slate Run asserted that but for the injunction these sales would have gone to Piramal and Slate Run instead of Teva and Cipla. *Id.*

---

[1] The name "Fresenius" refers to Fresenius Medical Care. The name "Teva" refers to Teva Pharmaceuticals USA, Inc., Watson Laboratories, Inc., and Actavis Pharma, Inc. collectively. The name "Cipla" refers to Cipla USA, Inc. and Cipla Ltd. collectively.

For the second group, Slate Run seeks to redact the following information:

- CVS makes purchases indirectly through the wholesalers Cardinal Health and McKesson. *See* D.I. 676-2, Ex. B at 391, 399-400.

- CVS purchased generic cinacalcet manufactured by Piramal, Teva, and Cipla and the months in which these purchases occurred. *Id*. at 292-296, 325-326, 344-350, 398.

- Fresenius purchased generic cinacalcet manufactured by Teva and Cipla and the months in which these purchases occurred. *Id*. at 334-337.

- Fresenius purchased ~69,000 bottles of generic cinacalcet from Teva on April 17, 2019. *Id*. at 298, 332, 386-387, 421-423.

- In comparison, without revealing actual prices, one generic manufacturer had a lower price than another generic manufacturer at a particular point in time. *Id*. at 389-390, 417-420.

- Teva sent Fresenius a contract amendment on March 13, 2019. *Id*. at 417-420.

I will not grant Slate Run's motion to redact the Third-Party Information. All of these facts were revealed in my post-trial damages opinion and were central to explaining the reasons for my rulings. *See* D.I. 707. Courts have favored disclosure where it is necessary to provide the public with a "complete understanding of the judicial system and a better perception of its fairness." *Littlejohn v. Bic Corp*., 851 F.2d 673, 678 (3d Cir. 1988).

In addition, Slate Run has not shown that this Third-Party Information is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure. Indeed, none of these facts are about Slate Run, which makes it difficult to conclude that Slate Run will be harmed by their disclosure.

Slate Run explained in its motion that these facts were produced by the Third-Parties during discovery pursuant to a protective order that required Slate Run to treat the information as highly confidential. D.I. 676 at 4. Accordingly, Slate Run advocates that the Third-Party Information remain confidential "in the spirit of the protective order." *Id*. But as Slate Run itself recognized, the "third parties [had] the opportunity to advocate on their own behalves." *Id*. Indeed, some of

these Third-Parties did advocate on their own behalves about sealing certain trial exhibits. *See* D.I. 678: D.I. 680. The Third Parties' silence as to the trial transcripts underscores my conclusion that this is the type of information is not entitled to protection.

**NOW**, at Wilmington this 19th day of October, 2021, it is **HEREBY ORDERED** that:

1. Slate Run's Motion to Seal Portions of the Hearing Transcript (D.I. 676) is **GRANTED IN PART** and **DENIED IN PART**;

2. The transcript of the March 24-25, 2021 hearing (D.I. 665 and 667) shall be placed **UNDER SEAL**; and

3. Slate Run shall file a **PUBLIC-REDACTED VERSION** of the transcript that redacts only the Protected Information and not the Background Facts.

*/s/ Mitchell S. Goldberg*
The Honorable Mitchell S. Goldberg
United States District Judge